## DETERMINED BY THE

# SUPREME COURT OF APPEALS

OF

# WEST VIRGINIA

## CHARLESTON.

NELSON WHITE *v.* L. H. MOSS *et als.*

Submitted February 15, 1921. Decided February 22, 1921.

1. JUDGMENT—*Pleading in Suit to Enforce Lien Setting Up Fraud in Procurement of Judgment Held Insufficient.*

   A pleading filed in a suit in equity brought to enforce the lien of a judgment, which, assailing the validity of the judgment involved, on the ground of fraud in the procurement thereof, charges no more than that defense to the action in which it was rendered was prevented by a representation made by the creditor to two of the four debtors, that he was suing on the note, in order to hold one of the endorsers and him alone, that they need not be uneasy and that they could just let it go, is insufficient. (p. 3).

2. PLEADING—*Facts Stated in Support of Charge of Fraud Must Make Them Inconsistent with Honest Conduct.*

   The facts stated in support of a charge of fraud, to be sufficient, must be such in character as to make them inconsistent with honest conduct on the part of him against whom they are charged. (p. 3).

3. JUDGMENT—*Claims Not Reduced to Judgment Cannot be Set Off Against Judgment.*

   Debts and claims not reduced to judgment cannot be set off against a judgment. (p. 4).

4. SAME—*Lien of Judgment Enforceable Without Return of Execution Where Execution Not Issued Within Two Years.*

   The lien of a judgment on which an execution did not issue within two years from the date thereof can be enforced with-

88 W. Va.

out allegation and proof of the return of an execution thereon unsatisfied. (p. 4).

Appeal from Circuit Court, Monroe County.

Suit by Nelson White against L. H. Moss and others. Decree of dismissal, and plaintiff appeals.

*Reversed and rendered.*

*R. L. Clark,* for appellant.

*Jno. L. Rowan,* for appellees.

POFFENBARGER, JUDGE:

The decree complained of on this appeal, dismissed a bill for enforcement of the lien of a small judgment, on the one-third undivided interest of two of the defendants in a tract of land containing about 109 acres, on the ground that the judgment was obtained by fraud perpetrated upon two of the judgment debtors, one of whom was the principal debtor and the other a surety and part owner of the land proceeded against.

In the answer originally filed by L. H. Moss, principal, and John Moss, a surety, two of the four judgment debtors, Harve Moss and J. E. Ridgeway being the other two, neither of whom made any defense, payment of the judgment was claimed and relied upon. This claim was founded upon an account for sawing timber, the rental of a saw-mill site, lumber sold the plaintiff and other small items, which it was averred the plaintiff had agreed to credit on the judgment. With reference to executions on the judgment, the plaintiff amended his bill and a similar answer to the amended bill was filed. On the issues thus made, depositions were taken. Before the cause was submitted upon the issues made and proof taken, the same two defendants tendered, and were permitted to file, what is termed an amended and supplemental answer, charging fraud in the procurement of the judgment and praying that it be "dismissed and held as invalid" and that they be dismissed with their reasonable costs. Upon that answer and the depositions previously taken and filed, the court entered the decree complained of, which adjudicated fraudulent procurement of the judgment and dismissed the bills.

It is deemed unnecessary to consider all of the assignments of error predicated upon the procedure in the cause, some of which

deny right in the defendants to file the amended answer at the late stage at which it was tendered and the right of the court to read, on the issue raised by it, the depositions previously taken. Our conclusions respecting more important and vital matters involved will obviate the necessity of passing upon them.

Treating the amended and supplemental answer as a cross-bill seeking affirmative relief, vacation of the judgment, the plaintiff demurred to it. Whether it is a cross-bill need not be determined. If it is not, the demurrer can be treated as an exception to it or an objection to the filing thereof. It is only necessary to determine whether the pleading is sufficient in law.

As ground of fraudulent procurement, it charges nothing more than that the creditor, at or about the date of the institution of his action, told the respondents that he was bringing the suit, in order to hold J. E. Ridgeway and him alone, that they need not give themselves any uneasiness and that they could just let it go; and that, upon this representation and under inducement thereof, they did not appear nor make any defense, and that, but for such representation, they would have appeared and defended. Ridgeway was an endorser on the note. This pleading does not aver any representation on the part of the plaintiff that he would not take judgment against the respondents. They were told he sought a judgment to hold Ridgeway and him alone. That was perfectly consistent with the theory of a judgment against the respondents as well as Ridgeway, in order to prevent his escape on the ground of lack of diligence on the part of the creditor against them. Respondents knew they had been sued or were to be. With this knowledge, they had no right to assume, from the representation they allege, that judgment would not be taken against them. There was no representation that it would not be. This averment is entirely too loose and equivocal. It does not state facts making out a sufficient charge of fraud. Allegation of a mere conclusion will not suffice, nor will a statement of facts clearly consistent with honesty. Fraud must be an almost inevitable deduction from the facts averred. *Loomis* v. *Jackson,* 6 W. Va. 613, 702; *Pyles* v. *Furniture Co.,* 30 W. Va. 123; *Zell Guano Co.* v. *Heatherly,* 38 W. Va. 409.

Respecting the charge of fraud, the evidence corresponds with

the pleading.     In other words, it is wholly insufficient to prove fraudulent procurement of the judgment.

Some of the items of the account antedate the judgment and are barred by failure to assert them in the action in which the judgment was obtained, by way of payments or sets-off, Code, ch. 50, sec. 55.     Nor can such of them as are not barred be now set-off against the judgment, except by the consent of the judgment creditor.     *Faulconer* v. *Stinson*, 44 W. Va. 546.

The evidence is entirely too loose and weak to make out an allowance of the demands set up, on the theory of acceptance thereof as payments on the judgment.     It is admitted that there has been no settlement and the plaintiff disputes the validity of nearly all of the items.     One of them is 23 years old.     There is no admission of an agreement to credit any of them on the judgment, except one, and the amount of it is disputed.

No execution issued on the judgment within two years from the date, thereof.     In such case, the lien can be enforced without a return of execution unsatisfied.     Code, ch. 139, sec. 7. The controversy in the pleadings about abortive or defective executions and returns thereon, relates to writs issued after the expiration of said period, which are immaterial and unimportant.

For the reasons stated, a decree will be entered here, reversing the decree complained of, adjudicating the right of the plaintiff to enforce the lien of his judgment against the lands of the defendants, John Moss and Harve Moss, in the bill and proceedings mentioned, and remanding the cause for execution of such decree.

*Reversed and rendered.*