STATE *ex rel.* ALLSTATE INSURANCE COMPANY,

*a corporation, et al.*

*v.*

UNION PUBLIC SERVICE DISTRICT,

*a public corporation, et al.*

(No. 12584)

Submitted October 5, 1966. Decided November 15, 1966.

*Jackson, Kelly, Holt and O'Farrell, W. T. O'Farrell, R. G. Kelly, F. Paul Chambers, Alexander J. Ross,* for relators.

*Homer W. Hanna, Jr., Henry C. Bias, Jr.,* for respondents.

HAYMOND, JUDGE:

In this original proceeding in mandamus instituted in this Court in June 1966, the petitioners, Allstate Insurance Company, a corporation, Sun Life Insurance Company of America, a corporation, and Monarch Life Insurance Company, a corporation, holders of certain revenue bonds of Union Public Service District, seek a writ to compel the defendants, Union Public Service District, a public corporation and political subdivision of the State of West Virginia, herein referred to as the district, and Milton Hurley, Clarence Hill and Riley Propps, members of the Public Service Board of Union Public Service District, to establish, charge and collect rates and charges for services rendered by Union Public Service District sufficient to provide for all expenses of operation and maintenance of the sewer facilities of the district and to provide remaining funds to pay, when due, the principal and interest of revenue bonds issued by such district and to provide a balance each year equal to at least 1.35 times the minimum amount required in any succeeding year to pay such bonds and their interest when due; to file tariffs reflecting such rates and charges with the Public Service Commission of West Virginia and to prosecute the requisite proceedings before such commission; and to take such further action as may be necessary to establish such rates and charges for such service.

Upon the petition and its exhibits this Court on June 27, 1966, awarded a rule returnable September 7, 1966, at which time the defendants filed their answer to the petition. By agreement of counsel and consent of this Court this proceeding was continued to October 4, 1966, to permit the petitioners to plead to the answer and to allow the parties to offer evidence by depositions. On September 12, 1966, the petitioners filed their joint and several motion to strike, and their demurrer and their reply to the answer of the defendants. On September 21, 1966, the petitioners took the depositions of witnesses in behalf of the petitioners, and on September 26, 27 and 28, 1966, the defendants took the depositions of witnesses in behalf of the defendants. Pursuant to written notice the defendants filed motions for a continuance of this case, which were denied, and on October 5, 1966 this proceeding was submitted for decision upon the petition and its exhibits, the answer of the defendants, the motion to strike, the demurrer and the reply of the petitioners to the answer of the defendants, the depositions and their exhibits in behalf of the petitioners and the defendants, and the written briefs and the oral arguments of counsel in behalf of the respective parties.

The allegations in the petition for the writ, in substance, are that the petitioners are foreign corporations; that the defendant Union Public Service District is a public corporation and a political subdivision of this State, existing by virtue of the laws of this State and an order of the County Court of Kanawha County entered at its regular October Term 1955, and the defendants Milton Hurley, Clarence Hill and Riley Propps are the duly appointed members of the Public Service Board of Union Public Service District; that the petitioners severally purchased in good faith and for value a total principal amount of $1,315,000.00 of sewer revenue bonds out of a total of $1,600,000.00 of such bonds issued by the district, all of which bear date February 1, 1962 and each of which is in the principal sum of $1,000.00, bears interest at the rate of 5 per cent

per annum, is payable to bearer, and contains interest coupons payable on February 1 and August 1 of each year; that such bonds are serially numbered and mature at various dates, the last of which matures in the year 2000; that bonds numbered 1 through 11, each in the principal sum of $1,000.00, have been paid; that the principal amount of the bonds outstanding is $1,589,000.00, of which bonds in the aggregate principal sum of $1,304,000.00 are owned and held by the petitioners, the petitioner Allstate Insurance Company being the owner of such bonds in the principal amount of $704,000.00, the petitioner Sun Life Insurance Company of America being the owner of such bonds in the principal amount of $400,000.00, and the petitioner Monarch Life Insurance Company being the owner of such bonds in the principal amount of $200,000.00; that each bond contains, among numerous other provisions, this provision: ''Said service district covenants that it will fix such rates and charges for the services of its sewer facility and collect and account for revenues therefrom sufficient to promptly pay all cost of operation and maintenance thereof and the principal of and interest on this bond and the issue of which it is one as the same will become due.''; that the bonds held by the petitioners were issued by the district pursuant to a resolution duly adopted by it on June 23, 1962, in full compliance with the Constitution and statutes of this State, including Article 13A, Chapter 16, of the Code of West Virginia, 1931, as amended; that the district used the net proceeds from the sale of such bonds to pay the cost of acquiring property and constructing a sewer system and sewage treatment facilities to serve persons residing within the boundaries of the district in Kanawha County; that approximately 1000 families are now being served by such system; that the schedule of rates and charges of the district now in effect is inadequate to pay the cost of maintenance, operation and depreciation of the sewer facilities and to pay the principal of and the interest on the bonds held by the petitioners; that on February

1, 1966, interest in the amount of $39,725.00 became due and payable on the bonds outstanding and the principal amount of $1,000.00 of each of seven (7) bonds also became due and payable and that the defendant district was unable to pay and did not pay to the State Sinking Fund Commission funds sufficient to pay the interest and principal due on February 1, 1966; that under Section 9, Article 13A, Chapter 16, Code, 1931, as amended, it is the mandatory duty of the public service board of the district to establish rates and charges for its services which shall be sufficient at all times to pay the principal of and the interest on the outstanding bonds as they become due and payable and to pay all reserve and other payments provided in the resolution authorizing the issuance of the bonds; that under the foregoing statute the district became obligated by covenants contained on the face of each of the bonds to fix such rates and charges for the services of its sewer facilities and collect and account for revenues therefrom promptly to pay all costs of operation and maintenance and the principal of and the interest on such bonds and also to make minimum monthly payments into the sinking fund created for the purpose of paying the principal and interest of and on such bonds; that the district has defaulted in each and all such obligations; that the total gross income of the district for the calendar year 1965 was $72,337.00; that the total operating expenses of such district for that calendar year were $35,998.00, leaving an operating profit available for bond service and payment into the reserve funds of approximately $36,339.00; that the amount required to pay the principal of and the interest on the bonds owned by the petitioners during that year was $85,750.00; that the district has not complied with its statutory duty under Section 10, Article 13A, Chapter 16, Code, 1931, as amended, to prepare and adopt a budget at least thirty days prior to the beginning of each fiscal year; that petitioners have made demand upon the district that it establish adequate rates and charges to provide for

the payment of the interest on and the principal of the bonds held by petitioners and that it adopt a budget, as required by law, in order that the amount of the necessary increases in rates and charges may be computed but that the district has taken no action to comply with such demand.

The answer of the defendants either admits, or states that the defendants do not admit or deny, many of the material allegations of the petition. The answer, however, does deny the allegations of the petition to the effect that the petitioners are purchasers of their bonds in good faith and charges that the petitioners knew or should have known that the district would be unable to meet its obligations under such bonds and its obligation to construct and operate successfully the proposed sewer system and sewage treatment facilities; that information to that effect had been given to and was well known by an agent and representative of the petitioners; and that it was the duty of such agent and representative to give such information to the petitioners. The answer also denies the allegation of the petition to the effect that the net proceeds from the sale of the bonds were used to pay the cost of acquiring property and constructing the sewer system and sewage treatment facilities and alleges that such system and facilities have only been partially constructed for the reason that the funds derived from the sale of the bonds were not sufficient to complete the construction of such system and facilities; that in consequence only a limited number of the proposed users of such system are being served and that the district is presently receiving only a portion of the income which it will receive when such system and facilities are completed; that the schedule of rates and charges established by the district and previously authorized and approved by the Public Service Commission of West Virginia will enable the district to meet its obligations when the system and treatment facilities are completed and that the defendants are engaged in an effort to complete the construction of

the system and facilities as quickly as that may be done. The answer also denies the allegation of the petition that on February 1, 1966, the principal of and the interest on the bonds held by the petitioners and other bond holders became due and payable, and charges that the reason that such interest and principal did not become due and payable was that such bonds were issued by the district as a result of false, incomplete and incorrect information which was purposely and fraudulently given to the district and that such information was either known or should have been known by the petitioners. The answer also avers that the defendants are under no obligation, under the statutes of this State or the bond resolution, to increase any rates or charges for only a portion of the proposed users of the sewer system and sewage treatment facilities of the district, and are not under any obligation to increase the rates and charges for the users of only a portion of the incomplete system and facilities. The answer admits that the income of the district is insufficient to pay its expenses but states that such income is insufficient because the system and facilities have not yet been completed and that the defendants are attempting to finance and complete the construction of the system and facilities as quickly as this may be done. The answer alleges that the petitioners have not come into court with "clean hands", in that they knew or ought to have known that the district would be unable to meet its financial obligation under the circumstances existing when the bonds were purchased by the petitioners who purchased them with full knowledge of the foregoing facts, and in the belief that the petitioners could force the defendants to increase the rates and charges for the use of the sewer facilities and in that way protect their investments at the expense of and without regard to the financial burdens upon the residents and users of the facilities of the district, and charges that such inequitable conduct of the petitioners should deny them the relief sought in this proceeding.

By their motion to strike, the petitioners contend that the allegations in the answer that the petitioners knew or ought to have known that the district would be unable to meet its obligations; that the bonds were issued by the district as a result of false, incomplete and inaccurate information purposely and fraudulently given to the district, which information was known or should have been known by the petitioners; and that the petitioners have not come into court with ''clean hands'', be stricken because not responsive and not constituting a defense to the petition. By their demurrer the petitioners challenge the sufficiency of the answer as not stating a valid defense to the petition, and by their reply the petitioners deny separately and specifically each and every allegation of the answer.

The petitioners have established by adequate proof in the form of depositions the material allegations of the petition; and the defendants have introduced evidence in the form of depositions in support of the allegations of the answer.

The testimony in behalf of the petitioners was that they had purchased for value in October 1962 the bonds held by them from a reputable brokerage agency at par and accrued interest; that they made a reasonable investigation of the district and its engineer and had considered his reports; and that they relied primarily upon the reputation of the agency from which they purchased their bonds; that though they knew that a small number of persons objected to the bond issue, they also knew that the Public Service Commission had issued a certificate of convenience for the district and that the Supreme Court of Appeals of this State had refused to review the decision of the commission and consider the objections of those who opposed the bonds and the action of the district; that they were familiar with the resolution authorizing the bonds; and that they did not purchase their bonds until the validity of the issue had been approved by competent bond attorneys.

The testimony in behalf of the defendants shows that the district's engineer had made substantial errors and misrepresentations concerning the number of users of the service of the district, its operating and construction costs, and the construction contracts, which information was incorporated in the reports of the engineer and communicated to the representative of the brokerage agency from which the petitioners purchased their bonds; and that two reputable bond brokers who had investigated the construction of the facilities and the operation of the district did not consider the bonds to be a satisfactory investment and were unwilling to engage in the purchase or sale of such bonds.

The allegations of the answer, challenged by the motion to strike, are immaterial and not responsive and do not set forth a valid defense to the petition, and the answer, as a whole, does not set forth a valid defense to the relief sought by the petitioners. For these reasons the motion to strike and the demurrer, which is the appropriate means of testing the legal sufficiency of a pleading in a mandamus proceeding, are and each of them is sustained. Extraneous matter may be stricken from a pleading by a motion to strike such matter. See *Metropolitan Life Insurance Company v. Hill,* 115 W. Va. 515, 177 S. E. 188; *Wheeling Mold and Foundry Company v. Wheeling Steel and Iron Company,* 62 W. Va. 288, 57 S. E. 826. The answer fails to set forth a valid defense and it should be and it is rejected. See *Shinn v. Shinn,* 78 W. Va. 44, 88 S. E. 610, L.R.A. 1916E 618; *Monongahela Tie and Lumber Company v. Flannigan,* 77 W. Va. 162, 87 S. E. 161; *State ex rel. Griffith v. Purcell,* 31 W. Va. 44, 5 S. E. 301; *Travis v. Peabody Insurance Company,* 28 W. Va. 583.

Fraud is the principal ground upon which the defendants rely to show that the petitioners do not have a clear legal right to the relief which they seek in this proceeding. The charge of fraud in the answer con-

tains no statement of facts on which to base the alleged fraud and is an allegation of a mere conclusion of law. It does not constitute a sufficient charge of fraud. The law is well settled that a general charge of fraud is not sufficient and that a charge of fraud to be sufficient must state the fact which constitute the fraud. See *White v. Moss,* 88 W. Va. 1, 106 S. E. 72; *Zell Guano Company v. Heatherly,* 38 W. Va. 409, 18 S. E. 611; *Pyles v. Furniture Company,* 30 W. Va. 123, 2 S. E. 909. In *Charter v. Kump,* 109 W. Va. 33, 152 S. E. 780, this Court, quoting from *Loomis v. Jackson,* 6 W. Va. 613, said in point 1 of the syllabus: ''Fraud is never to be presumed; it must be particularly alleged, especially when the act charged as a fraud may be innocent. In pleading a fraud, the pleader must by apt words allege in his pleading every act, fact and intent which necessarily enter into, and constitute that particular fraud; and these essentials must be alleged with such precision and certainty as to exclude every construction, except that fraudulent and wrongful purpose complained of; and if, from the fact of the pleading, it is doubtful whether the allegations do in fact amount to that particular fraud or not, it is not well pleaded.'' The testimony of the witnesses in the depositions in behalf of the defendants is rejected for the reason that it is not sufficient to establish a valid defense to the relief sought by the petitioners. Inasmuch as the answer does not sufficiently allege and the proof in behalf of the defendants does not establish the asserted defense of fraud, it is unnecessary to determine whether such defense, if alleged and proved, would constitute a valid defense and operate as a bar to the relief sought by the petitioners and that question is not considered or decided in this proceeding.

Section 9, Article 13A, Chapter 16, Code, 1931, as amended, the statute relating to the creation and regulation of public service districts with respect to the public service board of such district, to the extent here pertinent, provides that '' * * * it shall be the

duty of such board to establish rates and charges for the services and facilities it furnishes, which shall be sufficient at all times, notwithstanding the provisions of any other law or laws, to pay the cost of maintenance, operation and depreciation of such public service properties and principal of and interest on all bonds issued and other obligations incurred under the provisions of this article and all reserve or other payments provided for in the proceeding which authorized the issuance of any bonds hereunder * * * ." Section 13 of the same statute also provides, in part, that "For constructing or acquiring any public service properties for the authorized purposes of the district, or necessary or incidental thereto, and for constructing improvements and extensions thereto, and also for reimbursing or paying the cost and expenses of creating the district, the board of any such district is hereby authorized to borrow money from time to time and in evidence thereof issue the bonds of such district, payable solely from the revenues derived from the operation of the public service properties under control of the district. Such bonds may be issued in one or more series, may bear such date or dates, may mature at such time or times not exceeding forty years from their respective dates, * * * may be authenticated in any manner, and upon compliance with such conditions, and may contain such terms and covenants as may be provided by resolution or resolutions of the board. Notwithstanding the form or tenor thereof, and in the absence of any express recital on the face thereof, that the bond is non-negotiable, all such bonds shall be, and shall be treated as, negotiable instruments for all purposes. * * * ."

Section 17 of the same statute also provides, in part, that "In the event there shall be default in the sinking fund provisions aforesaid or in the payment of the principal or interest on any of such bonds, or, in the event the district or its board or any of its officers, agents or employees, shall fail or refuse to comply with the provisions of this article, or shall default in

any covenant or agreement made with respect to the issuance of such bonds or offered as security therefor, then any holder or holders of such bonds and any such trustee under the trust indenture, if there be one, shall have the right by suit, action, mandamus or other proceeding instituted in the circuit court for the county or any of the counties wherein the district extends, or in any other court of competent jurisdiction, to enforce and compel performance of all duties required by this article or undertaken by the district in connection with the issuance of such bonds, * * * ."

Under the foregoing provisions of Section 9, it is the expressly imposed duty of the public service board of the district to establish rates and charges which shall be sufficient at all times to pay the cost of maintenance, operation and depreciation of the properties of the district and the principal of and the interest on all bonds issued by the district. It clearly appears from the allegations of the petition and the proof in support of such allegations that the petitioners are bona fide holders for value and in due course of the bonds issued by the district which the statute expressly declares shall be negotiable instruments for all purposes; that default has been made in the payment of the interest on the bonds held by the petitioners and in the payment of the principal of seven (7) bonds held by one of the petitioners; and that the present rates and charges established by the board are, without question, insufficient to provide for the payment of such bonds and the interest upon them as and when they become due and payable. The duty imposed upon the board is a nondiscretionary duty which may be enforced by mandamus. Mandamus is a proper remedy to require the performance of nondiscretionary legal duties by various governmental agencies or bodies. *State ex rel. Wheeling Downs Racing Association v. Perry,* 148 W. Va. 68, 132 S. E. 2d 922; *State ex rel. Sheppe v. West Virginia Board of Dental Examiners,* 147 W. Va. 473, 128 S. E. 2d 620; *Puritan Coal Corporation v. Davis,* 130 W. Va. 20, 42 S. E. 2d 807; *Village*

*of Bridgeport, Ohio v. Public Service Commission,* 125 W. Va. 342, 24 S. E. 2d 285. Though the writ of mandamus will be denied where another and sufficient remedy exists, if such other remedy is inadequate or is not equally as beneficial, convenient and effective, mandamus will lie. *State ex rel. Myers v. Straughan,* 144 W. Va. 452, 108 S. E. 2d 565; *State ex rel. Vance v. Arthur,* 142 W. Va. 737, 98 S. E. 2d 418; *Stowers v. Blackburn,* 141 W. Va. 328, 90 S. E. 2d 277; *Carter v. City of Bluefield,* 132 W. Va. 881, 54 S. E. 2d 747; *State ex rel. Miller v. The Board of Education of the County of Mason,* 126 W. Va. 248, 27 S. E. 2d 599; *Hardin v. Foglesong,* 117 W. Va. 544, 186 S. E. 308; *State ex rel. Looney v. Carpenter,* 106 W. Va. 170, 145 S. E. 184; *City of Philippi v. Tygart Valley Water Company,* 99 W. Va. 473, 129 S. E. 465; *State ex rel. City of Benwood v. Benwood and McMechen Water Company,* 94 W. Va. 724, 120 S. E. 918; *State ex rel. Hall v. County Court of Monongalia County,* 82 W. Va. 564, 96 S. E. 966; *Eureka Pipe Line Company v. Riggs,* 75 W. Va. 353, 83 S. E. 1020, Ann. Cas. 1918A 995.

The remedy suggested by the defendants in their brief under the Federal Securities Act of 1933 is in no sense an adequate or sufficient remedy for the relief sought by the petitioners in this proceeding. Any relief that may be afforded under the provisions of the federal statute can not supersede the relief which may be granted in a mandamus proceeding. Moreover, under Section 17 of the foregoing statute any holder of the bonds of the Union Public Service District shall have the right by mandamus or other proceeding to enforce and compel performance of all the duties required by the statute or undertaken by the district in connection with the issuance of bonds by such district. In *State ex rel. Klostermeyer v. The City of Charleston,* 130 W. Va. 490, 45 S. E. 2d 7, 175 A.L.R. 637, this Court held that mandamus was a proper remedy to be pursued by the holder of a municipal revenue bond to require a municipal corporation to comply with rate covenants in its revenue bonds.

As the petitioners have shown a clear legal right to the relief which they seek in this proceeding and the defendants have failed to controvert or show the absence of such right or any defense to the granting of such relief, a writ of mandamus as prayed for in the petition is awarded, and the defendants are required, without delay, to establish, charge and collect such rates and charges for the services rendered by the sewer facilities of the Union Public Service District as will produce revenue sufficient to provide for all expenses of operation and maintenance of such sewer facilities and to provide remaining funds sufficient to pay, when due, the principal of and the interest on all outstanding revenue bonds issued by such district; to establish, charge and collect such rates and charges for the services rendered by the sewer facilities of the defendant Union Public Service District as will produce revenue sufficient to provide for all expenses of operation and maintenance of such sewer facilities and leave a balance each year equal to 1.35 times the minimum amount required in any succeeding year to pay, when due, all such bonds and interest; to file tariffs reflecting such new rates and charges with the Public Service Commission of West Virginia and to prosecute such proceedings before such commission as are requisite; and to take such further action as may be required to establish valid rates and charges for such sewer service.

*Writ awarded.*