# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.N.**

**Nos. 15-0182 & 15-0208** (Mingo County 13-JA-89)

**FILED**

September 30, 2015
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

In these two abuse and neglect appeals, the Court issued a Rule to Show Cause against the guardian ad litem, Lauren Thompson, ("Ms. Thompson") to explain why she should not be held in contempt, denied eligibility for guardian ad litem appointments, and subjected to further sanctions after failing to comply with the scheduling orders mandated by this Court. This memorandum decision does not address the merits of the abuse and neglect appeals. It addresses only the Rule to Show Cause in contempt against Ms. Thompson, the guardian ad litem for the child who is the subject of these appeals. Based upon her untimely filing of the response briefs, we find her in contempt. Considering the sanctions to be imposed, Ms. Thompson is hereby denied eligibility for guardian ad litem and any other court appointments until the Office of Disciplinary Counsel's investigation into this matter and any resulting disciplinary action is fully concluded.

Case No. 15-0182 involves the petitioner father's appeal of the termination of his parental rights. Case No. 15-0208 involves the petitioner mother's appeal of the termination of her parental rights. By orders entered on April 16, 2015, in Case No. 15-0182 and March 13, 2015, in Case No. 15-0208, Ms. Thompson was directed to file a respondent's brief or summary response on or before May 20, 2015. Ms. Thompson failed to file the response briefs by the May 20, 2015, deadline.[1]

Accordingly, Notices of Intent to Sanction and Amended Scheduling Orders were entered on May 27, 2015, and by those orders, Ms. Thompson was directed to file the response briefs on or before June 1, 2015. Counsel was reminded that failure to file the response briefs could result in sanctions being imposed under Rule 10(j) of the West Virginia Rules of Appellate Procedure. Again, the response briefs were not filed by the June 1, 2015, deadline.[2]

---

[1]On May 22, 2015, the West Virginia Supreme Court's Clerk's Office ("Clerk's Office") called Ms. Thompson and left a message with her office assistant that the response briefs were past due.

[2]The Clerk's Office contacted Ms. Thompson regarding the status of the late response briefs in an effort to receive the response briefs prior to the conclusion of the Court's 2015 Spring Term of Court. On June 5, 2015, the Clerk's Office sent Ms. Thompson an e-mail reminding her that the response briefs were past due. Ms. Thompson responded by e-mail on June 8, 2015, stating, "I have no idea what is going on. I am not scheduled to be in the office today but can make it back there by 2. My assistant left after the long weekend. I was unaware of any of this. I will figure out what has happened today." The Clerk's Office informed Ms.

By two separate orders entered on June 11, 2015, the Court issued a Rule to Show Cause against Ms. Thompson for failure to timely file the response briefs. The Court's orders entered on June 11, 2015, provided that the Rule to Show Cause was returnable at ten o'clock a.m., on Wednesday, September 2, 2015. The Court further directed Ms. Thompson to show cause why she should not be held in contempt of this Court, unless sooner mooted by the filing of the response briefs that fully complied with the Rules of Appellate Procedure.[3]

Despite having nearly three months to comply with the June 11, 2015, orders and despite receiving numerous reminders from the Clerk's Office,[4] Ms. Thompson did not submit her motion and response briefs until September 1, 2015, the day before oral argument on the Rule to Show Cause.[5] Ms. Thompson indicated in her motion that her response briefs were untimely filed due to a calendaring error and repeated staff changes in her office. Ms. Thompson further stated in her motion that the child currently awaits adoption by the child's foster parents, and the parties were not prejudiced by her late filings in these abuse and neglect cases.

By order entered on September 3, 2015, the Court, on its own motion, proceeded to review and consider the imposition of sanctions due to Ms. Thompson's untimely filings. The Court found that Ms. Thompson's justification for the untimely filing of the response briefs in Case Nos. 15-0182 and 15-0208 was unsatisfactory. The Court emphasized that abuse and neglect cases must be considered as expeditiously as possible in order to ensure the timely permanency for the child. The Court issued a second Rule to Show Cause against Ms. Thompson, ordering her to appear at ten o'clock a.m. on Wednesday, September 16, 2015, and to show cause why she should not be held in contempt, denied eligibility for future guardian ad litem appointments, and subjected to further sanctions due to the untimely filings. Ms. Thompson was ordered to file a written response to the second Rule to Show Cause on or before September 9, 2015.[6]

On September 10, 2015, Ms. Thompson submitted a response to the September 3, 2015, order. In her response, she admitted that the reasons supplied in her earlier motion did not "fully

Thompson by e-mail on June 8, 2015, that she could submit her response briefs by facsimile, together with a motion to file the response briefs out-of-time.

[3]Ms. Thompson personally signed the return receipt confirmation on June 17, 2015, indicating that she received the June 11, 2015, orders.

[4]Telephone messages were left with Ms. Thompson's assistant, "Misty," on July 23, 2015, at 10:54 a.m.; August 14, 2015, at 1:29 p.m.; and August 31, 2015, at 10:30 a.m. Additionally, the Clerk's Office sent Ms. Thompson an e-mail on August 7, 2015, reminding her of her obligation to file response briefs in these matters.

[5]The documents were submitted by facsimile.

[6]The order further provided that the written response did not negate Ms. Thompson's obligation to appear before the Court.

explain the reason behind the failure to file a timely response ….” She articulated two reasons for the delay. First, she cited “action and inaction” by the West Virginia Department of Health and Human Resources (“DHHR”) and its failure to act in accordance with federal guidelines. Ms. Thompson attached her own affidavit in which she detailed her attempts to complain to local officials about staff shortages and “turmoil” at the DHHR. The affidavit included a statement explaining her decision not to file timely response briefs:

> I have spoken to Judge Cummings about the issue. I have spoken with the family of A.N. about these proceedings and my decision not to timely file a response. I have proffered repeatedly about the issues and my decision not to comply in hopes of bringing the issue to this Court. It may seem like foot-stomping and whining but that’s better than the alternative of turning a blind eye. If I did not try to do something then I am failing at my duties. I have been advised that this is not an appropriate means to obtain relief but in the same conversation I have been advised that there is no means to obtain relief. And I find that unacceptable. I lay this issue before the Court and pray there are means to explore the issue and fix it.

Second, she argued that the job of a guardian ad litem is difficult enough without having to deal with an appeal filed on behalf of “disinterested parties.” Ms. Thompson argued that “filers should be required to show that the Petitioners are active, willing participants in their appeal.” She further stated that she “did not foresee any potential damage to the child resulting from her refusal to file a timely response in this matter.”

The Court notes that at no time during the oral argument held in this matter did Ms. Thompson take responsibility for her failure to timely file the response briefs, which resulted in delaying the permanency for the child by at least four months. Following the oral argument in this matter, on September 17, 2015, Ms. Thompson submitted a statement to the Court wherein she asserted as follows: “In retrospect, it was just a missed deadline which *could possibly* have been quickly cured. But at the time, in my mind it became an inevitability and the only opportunity I would have to talk about very serious problems that were occurring.” (Emphasis in original.) She emphasized that her former office assistant failed to inform her of receipt of the Notices of Intent to Sanction and Amended Scheduling Orders entered on May 27, 2015, and she was not aware of this issue until June 8, 2015, when she received an e-mail from the Clerk’s Office reminding her to file the response briefs in the underlying abuse and neglect cases. She further indicated that it was not until after the oral argument in this matter that she realized how the Court viewed her conduct in failing to timely file the response briefs. Rather, Ms. Thompson stated that she believes that she “excel[s]” in oral argument and that “[o]nce [she] realized how things had been interpreted [by the Court,] it became an out of body experience.”

Having reviewed Ms. Thompson’s responses to the September 3, 2015, order and having heard her oral argument in this matter, we find that Ms. Thompson failed to provide sufficient justification for filing the response briefs in an untimely manner.[7] Despite having nearly three

---

[7]Notwithstanding the Court’s findings with respect to this contempt matter, the response briefs in the underlying abuse and neglect cases are hereby ordered filed. The Court acknowledges that a guardian ad litem’s response is essential to the Court’s consideration of an abuse and neglect appeal. *See* W.Va. R. App. P. 11(h).

months of notice to comply with the Court's orders, and despite repeated communications from the Clerk's Office reminding her of the deadlines, Ms. Thompson's response briefs, which were originally due on May 20, 2015, were not filed until September 1, 2015. Ms. Thompson indicated that she was not aware of the Court's orders until June 8, 2015. Still, at that point, Ms. Thompson could have filed her response briefs before September 1, 2015.

Ms. Thompson's excuse regarding the DHHR's alleged shortcomings in no way mitigates or justifies her failure to comply with this Court's orders. Although Ms. Thompson argued that her intentional delay was the "only way" to remedy her perception that government officials were not carrying out their duties, she could have pursued other remedies. For example, a writ of mandamus is a proper means of relief to require the performance of nondiscretionary legal duties by government bodies. *State ex rel. Allstate Ins. Co. v. Union Pub. Serv. Dist.,* 151 W.Va. 207, 151 S.E.2d 102 (1966). *See e.g. Hensley v. WV Dep't of Health and Human Res.,* 203 W.Va. 456, 508 S.E.2d 616 (1998) (granting writ of mandamus to compel DHHR to comply with grievance decisions awarding back pay and prejudgment interest).

Most troubling to the Court is Ms. Thompson's lack of concern for the child she represents and the need for permanency in the child's life. We reiterate the importance of full participation of the guardian ad litem in appellate proceedings. *See In Re: B.L., G.W., and I.W.,* No. 14-0660 and *In Re: N.K. and K.K.,* No. 14-0714 (W.Va. Supreme Court, June 10, 2015) (memorandum decision) ("[w]e wish to re-emphasize how vitally important it is for guardians ad litem to comply with Rule 11(h) of the Rules of Appellate Procedure and this Court's orders in a timely fashion so that abuse and neglect appeals can be promptly and efficiently resolved.").

Accordingly, the Court hereby orders that Ms. Thompson be, and hereby is, held in contempt for her willful violations of the orders of this Court. The Court hereby directs the Clerk of this Court to refer this matter to the Office of Disciplinary Counsel for further review[8] and any resulting disciplinary action. Ms. Thompson is hereby denied eligibility for guardian ad litem and any other court appointments until the Office of Disciplinary Counsel's investigation into this matter and any resulting disciplinary action is fully concluded. The Clerk is further directed to provide notice of this sanction to the circuit courts in each county where Ms. Thompson routinely practices.

Sanctions Imposed.

---

[8]When this Court believes a case before it presents the appearance of conduct that does not comport with the West Virginia Rules of Professional Conduct, Canon 3D(2) of the West Virginia Code of Judicial Conduct requires that we refer the matter to the Office of Disciplinary Counsel for its review and appropriate action. *See* Syl. Pt. 8, *Gum v. Dudley,* 202 W.Va. 477, 505 S.E.2d 391 (1997). To be clear, by making this referral we express no opinion as to whether disciplinary proceedings ultimately should be initiated or how such proceedings should be resolved. It is for the Office of Disciplinary Counsel to determine whether, and/or how, to proceed after it has reviewed this matter.

**ISSUED:**  September 30, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II