**FILED**

**June 15, 2021**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia ex rel. West Virginia Academy, LTD.,**
**Petitioner**

**vs.)    No. 21-0097**

**West Virginia Department of Education,**
**Respondent**

**and**

**Board of Education of the County of Monongalia,**
**Intervenor**

## MEMORANDUM DECISION

The petitioner, West Virginia Academy, LTD. (hereinafter "WV Academy"), filed an original jurisdiction petition seeking the issuance of a writ of mandamus requiring the respondent, the West Virginia Department of Education (hereinafter "the Department"), to certify WV Academy's public charter school application as "deemed approved" pursuant to West Virginia Code § 18-5G-6(d) (2019).[1] The Department opposed the petition for mandamus. The Monongalia County Board of Education intervened and opposed the petition. [2] We issued a rule to show cause and heard oral arguments on this matter.[3]

After considering the parties' written and oral arguments, as well as the submitted record and the applicable law, this Court concludes that the Department does not have a legal duty to do that which the petitioner seeks. Accordingly, mandamus does not lie and this petition is denied. This case is appropriate for disposition in a memorandum decision pursuant to Rule 21 of the Rules of Appellate Procedure.

---

[1] This statute is quoted *infra*.

[2] We acknowledge and appreciate the amicus curiae brief filed by Katie Switzer, a parent who is interested in sending her children to a public charter school, in support of WV Academy's petition for mandamus.

[3] WV Academy is represented by attorneys Webster J. Arceneaux III and Mark A. Sadd. The Department is represented by Senior Deputy Attorney General Kelli D. Talbott. The Monongalia County Board of Education is represented by attorneys Jacob A. Manning and Jason S. Long. Ms. Switzer is represented by attorney David L. Yaussy.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2019, the Legislature authorized the establishment of public charter schools in West Virginia. *See* W. Va. Code §§ 18-5G-1 to -12 (2019) ("the Act").[4] WV Academy wants to operate a public charter school that would draw students from both Monongalia and Preston Counties. Pursuant to West Virginia Code § 18-5G-2(2)(B) (2019), the boards of education in these two counties are the designated "authorizer" of the proposed public charter school.[5] An "authorizer" is "the entity empowered under this article [chapter 18, article 5G] to review applications, decide whether to approve or reject applications, enter into charter contracts with applicants, oversee public charter schools, and decide whether to renew, not renew, or revoke charter contracts." *Id.* at § 18-5G-2(2).

WV Academy simultaneously filed its charter school application with the Monongalia and Preston County Boards of Education on July 24, 2020. WV Academy alleges that, thereafter, the two county boards of education violated multiple provisions of West Virginia Code § 18-5G-6 in the manner and the amount of time in which they reviewed the application. WV Academy asserts that the two county boards of education should have operated as a single panel when considering the application; improperly delegated tasks to staff and failed to properly conduct in-person interviews and public forums; failed to allow reasonable time for WV Academy to provide additional materials and amendments to the application to address any identified deficiencies; and failed to render a decision on the application within ninety days of its filing. *See id.*

The president of WV Academy wrote to the State Superintendent of Schools on November 9, 2020, demanding that its application be deemed approved because the county board of education authorizers had failed to approve or deny the application within ninety days of its filing as required by West Virginia Code § 18-5G-6(d). In a November 12, 2020, written response, the State Superintendent expressed his opinion that the county boards were proceeding in a timely manner by complying with a rule promulgated by the West Virginia Board of Education; this rule specified that an application would be deemed approved if an authorizer failed to render a decision by November 30, 2020. *See* W. Va. Code R. § 126-79-5.5.f.4 (2020) (referred to as "Policy 3300").[6]

---

[4] Although the Act was revised in 2021, the events as issue herein all occurred before those revisions. Accordingly, the 2019 version of the Act applies to this case.

[5] West Virginia Code § 18-5G-2(2)(C) permits the West Virginia *Board* of Education to serve as the authorizer in two instances: the application is in a county where the West Virginia Board has intervened in the operation of the school system pursuant to West Virginia Code § 18-2E-5 (2017), or the county board of education asks the West Virginia Board to perform the authorizer function. It is undisputed that neither of these scenarios apply in the instant case. Furthermore, the West Virginia Board of Education was not named as a respondent in this matter, and it is a separate entity from the Department.

[6] Policy 3300 established multiple procedures and deadlines, including specifying August 31, 2020, as the deadline for submission of charter applications. *See* W. Va. Code R. § 126-79-5.5.c. The November 30, 2020, deadline for an authorizer to approve or deny an application is ninety days after the August 31, 2020, submission deadline.

2

At separate public meetings on November 30, 2020, both the Monongalia and Preston County Boards of Education voted to deny WV Academy's public charter school application. On December 1, 2020, WV Academy's president sent another letter to the State Superintendent of Schools asserting that the county boards had failed to proceed in a correct and timely manner. In the letter, the company president asked the Department to certify the application as approved. On December 7, 2020, the State Superintendent responded and advised that the Department had no authority to certify or deem an application as approved.

On February 11, 2021, WV Academy filed this petition for mandamus with our Court. The Monongalia County Board of Education was granted leave to intervene, and both it and the Department filed responsive briefs on February 25, 2021. We issued a rule to show cause on March 11, 2021. After hearing oral argument, this matter is ready for decision.

## DISCUSSION

"Mandamus is a proper remedy to require the performance of a nondiscretionary duty by various governmental agencies or bodies." Syl. Pt. 1, *State ex rel. Allstate Ins. Co. v. Union Pub. Serv. Dist.*, 151 W. Va. 207, 151 S.E.2d 102 (1966). For mandamus to lie, three criteria must be met:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). Therefore, the absence of any one of these elements is fatal to the petition.

In its petition, WV Academy asks this Court for the following relief:

> Issue a writ of mandamus against Respondent to require the West Virginia Department of Education to certify the Application as having been "deemed approved" by the Authorizer by operation of W. Va. Code § 18-5G-6(d) and other state law; [and]
>
> . . . Issue a Writ of Mandamus against Respondent to authorize Petitioner based on the Application as submitted under the Act[.]

Although this prayer for relief inartfully refers to both the "Respondent" and the "West Virginia Department of Education," they are one and the same in this case; the only respondent named in the petition for mandamus is the Department. West Virginia Code § 18-5G-6(d) provides:

No later than 90 days following the filing of the charter application, the authorizer shall approve or deny the charter application. The authorizer shall provide its decision in writing, including an explanation stating the reasons for approval or denial of its decision during an open meeting. *Any failure to act on a charter application within the time specified shall be deemed an approval by the authorizer.*

(Emphasis added.) WV Academy asserts that its public charter school application must be deemed as approved by the Department because the county boards of education failed to either approve or deny the application by October 22, 2020, which is ninety days after the application was filed. *See id.* In addition, WV Academy argues that its application must be deemed as approved because of the allegedly incorrect review procedures that the county boards used. WV Academy argues that West Virginia Code § 18-5G-6(d) extends to the review procedures used, not just to the timeliness of the ultimate approval or denial, because of the statutory language "[a]ny failure to act[.]" *See id.*

The Department and the Monongalia County Board argue that the Department does not have any authority, let alone a legal duty, to authorize or deem a public charter school application as approved. Moreover, the Department and the Monongalia County Board contend that the denials in this case were timely rendered in accordance with Policy 3300, and that under West Virginia Code § 18-5G-6(d) an application may not be deemed as approved based upon procedural deficiencies other than the timeliness of the ultimate approval or denial of the application.

After considering the parties' arguments, we find it unnecessary to decide the questions of whether these particular denials were untimely, whether the county boards of education followed incorrect procedures in the review process, whether Policy 3300 conflicts with West Virginia Code § 18-5G-6(d), or whether the "deemed an approval" and "any failure to act" language in § 18-5G-6(d) applies to anything other than an untimely approval or denial of the application. We conclude that mandamus does not lie for a more fundamental reason: The Department lacks a duty to do the action that WV Academy seeks in its petition. Even if we assume *arguendo* that WV Academy's factual allegations are true, the Department nonetheless has no authority, let alone a legal duty, to "authorize," "certify," or "deem" a public charter school application as approved.

The pertinent language in West Virginia Code § 18-5G-6(d) is "[a]ny failure to act on a charter application within the time specified shall be deemed an approval by the authorizer." The Department is not the authorizer, and West Virginia Code § 18-5G-6(d) does not compel the Department to do anything. There is also nothing in the Act allowing the Department to "certify" or "deem" an application as approved. Under the statute, the Department's role in this process is to receive an application *after* it has already been approved or deemed approved by the authorizer. The very next subsection in the statute, West Virginia Code § 18-5G-6(e), provides: "An authorizer's *charter application approval shall be submitted* to the West Virginia Department of

4

Education." (emphasis added).[7] After receiving the approved (including "deemed approved") applications from around the State, the Department determines whether there are more approved applications than the number of public charter schools permitted by the Act. If there are more approvals than is permitted, the Department is charged with assembling an impartial panel to rank the applications. *See* W. Va. Code R. § 126-79-5.7.a. However, this ranking process has nothing to do with certifying or deeming an application as approved.

WV Academy could have sought legal redress against the two county boards of education in this matter, but it did not do so.[8] In essence, WV Academy is seeking to have the Department serve as an appellate tribunal to decide whether a county board of education authorizer properly and timely conducted its application review; however, such a process is not included in the 2019 version of the Act.[9]

When addressing the question of whether a legal duty exists, this Court has held that "[a] non-discretionary or ministerial duty in the context of a mandamus action is one that is so plain in point of law and so clear in matter of fact that no element of discretion is left as to the precise mode of its performance." Syl. Pt. 7, *Nobles v. Duncil*, 202 W. Va. 523, 505 S.E.2d 442 (1998). Because the Department has no legal basis to authorize, certify, or deem WV Academy's application as approved, the Department obviously lacks a duty that is enforceable in mandamus. Since one of the three required elements for the issuance of a writ of mandamus is not present, we must deny the writ. *See* Syl. Pt. 2, *Kucera* (stating that all three elements must coexist for writ of mandamus to issue).

For the foregoing reasons, the petition for mandamus is denied.

Petition denied.

---

[7] *Accord* W. Va. Code R. § 126-79-5.5.f.3 ("The [authorizer's] written decision, as well as the charter school application conditionally approved by virtue of lack of action by the authorizer, shall promptly be provided to the charter applicant and the WVDE.").

[8] Although the Monongalia County Board of Education is an authorizer and voluntarily intervened in this case, WV Academy's petition for mandamus only seeks relief from the Department.

[9] We observe that in 2021, the Legislature amended the Act to create a process for appealing an authorizer's decision to the West Virginia Board of Education (not the Department). *See* W. Va. Code § 18-5G-13 (2021). The 2021 amendments also created a new entity "separate from the Department of Education," named the West Virginia Professional Charter School Board, to assist the West Virginia Board of Education in carrying out its duties under the Act. *See* W. Va. Code § 18-5G-15 (2021). However, these amendments did not take effect until June 1, 2021, and are thus inapplicable to the instant case.

**ISSUED:** June 15, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**CONCURRING AND WRITING SEPARATELY:**

WOOTON, J., concurring:

I concur in the majority's conclusion that petitioner's petition for writ of mandamus fails for lack of a legal duty on the part of the respondent, the West Virginia Department of Education, to certify petitioner's charter school application as "deemed approved." I write separately to express that petitioner's writ fails equally on the grounds of laches.

This Court has long held that "[t]he extraordinary remedy of mandamus, though on the law side of the Court, is limited as to time by the equitable doctrine of laches." Syl. Pt. 1, *State ex rel. Kay v. Steinmetz*, 144 W. Va. 802, 111 S.E.2d 27 (1959). Accordingly, a "writ of mandamus will be refused when the petitioner has unreasonably delayed his application for such writ and by reason of the delay the rights of the defendant or innocent third parties will be prejudiced by the issuance of the writ." Syl. Pt. 3, *State ex rel. Waller Chemicals, Inc. v. McNutt*, 152 W. Va. 186, 160 S.E.2d 170 (1968). In that regard,

> [t]hough relief by mandamus may be refused when the petitioner has been guilty of unreasonable delay and the rights of the defendant or of innocent third parties will be prejudiced by the issuance of the writ, the circumstances surrounding the delay, the character of the case, the situation of the parties, the nature of the relief sought, and whether the rights of third parties have been innocently acquired, should be considered in determining whether the delay is unreasonable and justifies application of the equitable doctrine of laches; and what constitutes laches depends upon the facts and the circumstances of each particular case.

Syl. Pt. 6, *Hertzog v. Fox*, 141 W. Va. 849, 93 S.E.2d 239 (1956).

As indicated in the factual summary presented by the majority, petitioner takes the position that the deadline for approval of its application lapsed on October 22, 2020. To this end, petitioner sent two letters to the State Superintendent—one on November 9, 2020 and another on December 1, 2020—complaining that the county boards had failed to act on the application in a timely manner, thereby deeming it statutorily approved. *See* W. Va. Code § 18-5G-6(d). Further, throughout the process, petitioner took the position that the respective county boards were handling

6

its application contrary to law by delegating the review, violating the public comment aspect, and voting inconsistently with the deficiency letter, as asserted in petitioner's arguments in this case. In spite of this awareness and with full knowledge of the time-sensitive deadlines imbedded in the statute and associated rules, petitioner waited until February 11, 2021 to file its petition for writ of mandamus.

Both the Charter Schools Act and associated rules create a school calendar-driven timeline for culmination of a successful charter school contract. The successful applicant was required to negotiate and execute a contract with its authorizer by March 1, 2021. *See* W. Va. Code R. § 126-79-5.5(g). The contract minimum requirements are detailed in § 126-79-6.2(a) through (q) and include seventeen separate areas, not inclusive of sub-parts, that must be addressed in the contract including but not limited to a detailed Accountability Plan for measuring performance. *See id.* § 126-79-6.2(o). Nonetheless, petitioner filed its petition before this Court a mere seventeen days before that deadline and months after the alleged deadline of October 22. Accordingly, based upon the facts of this case, the extraordinary relief petitioner seeks is equally barred by the doctrine of laches.

For these reasons and the analysis set forth in the majority decision, I respectfully concur.