# Wheeling.

## DAVIS *v.* JACKSON, JUDGE.

### Decided November 30, 1878.

1. To entitle a purchaser at a tax sale to have a circuit court, or the judge thereof in vacation, to appoint a commissioner to execute a deed for the lot of land so purchased by him, he must bring himself within the provisions of the law governing the terms of his application; and therefore the petition should show a clear legal right to have the deed made, and in the manner prayed for.

2. Where the petition fails to show, that the tax sale was made under chapter 31, Code, and that petitioner had complied with sections 18 and 19, and that the land had not been redeemed as provided for in sections 15, 16 and 24 of said chapter 31, or same sections of chapter 117, Acts 1872-3, the circuit court, or the judge thereof in vacation, should refuse to appoint a commissioner to make a deed under section 22, and under such circumstances a peremptory *mandamus* does not lie to compel the said court, or judge in vacation, to appoint such a commissioner.

This was an application to the Supreme Court of Appeals by Rezin Davis for a *mandamus* to the judge of the circuit court of Wood county to compel him to appoint a commissioner to execute a deed.

The facts of the case sufficiently appear in the opinion of the court.

*Walter S. Sands,* for the plaintiff, cites the following authorities:

Acts of 1872-3, ch. 117, § 22; 10 Gratt. 421; Code,

ch. 21, § 19; 7 W. Va. 114; Acts 1872-3, ch. 117, §§ 20, 26, 27; High Extra. Leg. Rem. 177; 2 H. & M. 132; 7 Leigh 689; 2 Leigh 762; 2 Va. Cas. 9; 2 Leigh 764; 12 Gratt. 266; Code 1849, ch. 37; 13 Gratt. 523; 43 Ala. 568; 41 Mo. 221; 5 Wend. 114; 19 Wend. 118; 6 Cow. 53; 2 Johns. 371; High on Extra. Leg. Rem., § 377; 5 T. R. 66; 2 T. R. 456; 2 Salk. 436; 10 Mod. Rep. 107·

C. Boggess and Scott & Cole, for defendant, cited the following authorities:

Code, ch., 31 § 24; Acts 1872-3, ch. 117, §24; High on Ex. Leg. Rem., § 9 and cases cited; Code, ch. 31, §§ 15, 16, 24; High on Extra Leg. Rem., § 145; Acts 1872-3, ch. 117, §§ 19, 22, 23; Code, ch. 31, §§ 19, 22, 23; 7 W. Va. 114; High on Extra Leg. Rem., §§ 24, 156, 230, 254; 12 How. (U. S.) 225; 5 Wall. 563; 12 Johns. 414; 3 Dallas 42; 5 W. Va. 542 and cases cited; High on Extra Leg. Rem., § 257 and cases cited; 2 Va. Cas. 208; 27 Gratt. 160.

MOORE, JUDGE, delivered the opinion of the Court:

The petition to the judge of the circuit court does not state enough to show that Davis has a right, under the statutes, to have the circuit court, or the judge thereof in vacation, to appoint a commissioner to execute the deed prayed for. The petition simply represents, that Rezin P. Davis, on the 7th day of September, 1871, became the purchaser, at a tax sale, of a certain lot of land in the city of Parkersburg, returned delinquent in the name of one George O. Weller, for the non-payment of taxes due thereon for the year 1869; and exhibits a deed therefor, made by W. H. Smith, recorder of Wood county, dated November 19, 1872; and alleges that said deed is not a proper deed, inasmuch as the same does not recite a material fact of record, viz: "That the sale was made on the 7th day of September, 1871." It "prays, that in pursuance of §22 of chapter 117, of the acts of the Legislature of West Virginia, approved April 9, 1873, a com-

missioner may be appointed to make, execute and deliver" to petitioner a proper deed of conveyance for said lot of land.

The petitioner, especially as it is an *ex parte* proceeding, in such a case must bring himself within the provisions of the law governing the terms of his application; and therefore the petition should show a clear legal right to have the deed made, and in the manner prayed for. The petition does not make it appear, where the sale took place, for what kind of taxes, who made the sale, or by what authority the sale was made, nor does it show, that the land had not been redeemed. It seems to me, that to entitle the petitioner to have the circuit court, or the judge thereof in vacation, under the twenty-second section of chapter 31, Code, or same section, chapter 117, Acts 1872–3, to appoint a commissioner to execute the deed, he should make it appear by the petition, that the sale was made under the provisions of ch. 31 of the Code. It should also appear, that he had complied with §§ 18 and 19; and that the land had not been redeemed, as provided for in §§ 15, 16 and 24 of said ch. 31, or ch. 117, Acts of 1872–3.

I am therefore of opinion, that, as the petition has thus failed to show, that Davis had a right under the statutes to have the circuit court, or the judge thereof in vacation, under §22, to appoint a commissioner to make him a deed for the lot of land he claims to have purchased at a tax sale, the circuit court, or judge thereof in vacation, should not appoint a commissioner to make said deed; and that under such circumstances a *mandamus* peremptory should not be awarded to compel said court, or the judge thereof, to appoint said commissioner to make a deed. The peremptory *mandamus* should be refused, and the petition therefor and this proceeding should be dismissed at the costs of the petitioner.

THE OTHER JUDGES CONCURRED.

MANDAMUS REFUSED. PETITION DISMISSED.