# CHARLESTON

## DORAN v. WHYTE, *Clerk.*

Submitted December 9, 1914. Decided December 22, 1914.

1. MANDAMUS—*Right to Remedy—Execution of Tax Deed.*
    Mandamus does not lie at the relation of a tax-purchaser to compel a clerk of the county court to execute him a deed for land purchased at a delinquent tax sale. The remedy given by Sec. 22, Ch. 31, Code 1913, is exclusive. (p. 369).

2. SAME—*Right to Remedy—Existence of Remedy by Appeal.*
    A remedy given by statute which is as speedy and equally as efficacious as mandamus excludes the latter remedy. (p. 369).

Original application in mandamus by Joseph E. Doran against W. W. Whyte, Clerk of the County Court of McDowell County.

*Writ refused.*

*Anderson, Strother & Hughes and A. W. Reynolds,* for petitioner.

*M. O. Litz,* for respondent.

WILLIAMS, JUDGE:

Joseph I. Doran makes original application to this court for the writ of mandamus to compel W. W. Whyte, clerk of the county court of McDowell county, to execute to him a tax deed for certain lands in said county, alleged to have been purchased by him at a sheriff's delinquent tax sale made on the 9th day of December, 1912, for non-payment of taxes assessed thereon in the year 1910, and not redeemed. An alternative writ was issued, which respondent moved to quash and to which he also demurred and made return. The demurrer, as well as the motion to quash, raises the question of jurisdiction, in this particular case, to issue the writ. Is this a proper case for the writ? We think not. Sec. 22, Ch. 31, Code 1913, provides a speedy remedy whereby a tax-purchaser may compel the clerk to make him a deed when he has improperly refused to do so. He may apply by petition to the circuit court, or the judge thereof in vacation, after ten days previous notice in writing to the clerk: and the statute says: "If upon the hearing of such application, the court or judge be of the opinion that the applicant is not entitled to such deed, the petition shall be dismissed at his costs; but if the court or judge be of the opinion that he is entitled to such deed, an order shall be made by such court or judge directing the same to be made and acknowledged for record by such clerk, or a commissioner may be appointed for the purpose, as the court or judge shall determine. The order, if made in vacation, shall be filed with the clerk of the court and entered by him in the chancery order book thereof." The remedy given by this statute is as complete, speedy and equally as efficacious as mandamus; and being so, it takes the place of mandamus. The rule is that mandamus does not lie if the relator has another remedy which is just as efficacious. *State ex rel.* v. *County Court,* 33 W. Va. 589; *Ex parte Goolsby,* 2 Grat. 575; *King William Justices* v. *Munday,* 2 Leigh 165. The rule has been recognized and approved in the following cases also: *Lowther* v. *Davis,* 33 W. Va. 134; *Miller* v. *County Court,* 34 W. Va. 289; and *Eureka Pipe Line Co.*

v. *Riggs, Sheriff*, 75 W. Va. 353, decided at the present term. The legislature clearly intended that the remedy which it provided should be exclusive.   True there is no provision for an appeal from the order of the circuit court, or the judge when made in vacation, but the proceeding is not strictly a suit.   It is only an *ex parte* administrative proceeding, *Davis* v. *Jackson, Judge*, 14 W. Va. 229, and while it may be that an order adverse to the tax-purchaser would be conclusive upon his right to a tax deed, a question we do not now decide, he would still be entitled to a return of the money which he had paid, together with twelve per centum interest. But an order favorable to him could not be an adjudication against the former owner, for he is not a party to the proceeding, and there is no provision in the statute for making him such.   It was never intended that the rights of the former owner should be litigated in that proceeding; or that a deed by the clerk, made under compulsion, should have any more effect than one made by him voluntarily.

We, therefore, deny the writ without prejudice.

*Writ refused.*