Fred L. Lemley *v.* John F. Phillips, *Clerk, etc.*

(No. 7594)

Submitted May 2, 1933.    Decided June 9, 1933.

*Clay D. Amos,* for relator.

*Homer A. Holt,* Attorney General, and *Ira J. Partlow,* Assistant Attorney General, for respondent.

Kenna, Judge:·

Fred L. Lemley, as assignee of a tax purchase receipt, seeks by his petition in mandamus filed in this court to compel John S. Phillips, clerk of the county court of Marion County, to receive a report of survey, give the statutory notice, and in case of no redemption, execute a tax deed conveying to petitioner a parcel of land located in the city of Fairmont and sold on the 14th day of December, 1931, at a tax sale by the sheriff of Marion County. The clerk refused to perform these functions because section 1 of chapter 17 of the Acts of the Extraordinary Session of the Legislature of 1932, had extended the time for redemption, and, under it, petitioner's rights had not

ripened. Petitioner's demand for the deed is based upon the contention that this statute is unconstitutional in so far as it relates to individual purchasers at tax sales held before it became effective. This question was decided by this court in the case of *Milkint* v. *McNeeley, Clerk,* submitted at this term, and it is therefore unnecessary to discuss it here.

The next question raised is whether mandamus is a proper remedy to compel the clerk to perform a ministerial preliminary function in the making of a tax deed. As to the actual making of the deed itself, this court has heretofore held that mandamus will not lie because of the fact that the remedy given by statute (then section 22 of chapter 31 of the Code of 1913) is exclusive. *Doran* v. *Whyte,* 75 W. Va. 368, 83 S. E. 1025. The statute in terms is confined to the compelling of the clerk to execute a tax deed. At the time it was enacted, the execution of the tax deed was the only ministerial function that the clerk was required to perform in connection with the transfer of a tax title. By the Acts of the Legislature of 1917, C. 67, the further ministerial function of preparing and causing to be executed notices of the application for a tax deed to be given to the former owner, his personal representative, vendee, etc., was imposed upon the clerk.

The statute provides no direct and simple means, nor, in fact, any means at all, for a remedy in the event that the clerk refuse to perform the ministerial function of giving this notice. Hence, in a proper case, mandamus would lie to compel this to be done. This presents what is, so far as we have been able to find, a singular situation. We have on the one hand, a statutory remedy upon the refusal of the clerk to make a deed which resulted in superseding relief by mandamus upon that refusal. We have then a later statute requiring that the clerk perform the additional ministerial function of giving the notice. Against his refusal to do so, no statutory relief is provided. Apparently, then, in a case where the clerk had declined to prepare and cause the notice to be served and also had declined to make a tax deed, in the event the notice should ripen without redemption, the tax purchaser would be obliged by mandamus to require the clerk to attend to the matter of notice, and then in a separate and distinct proceeding under the statute would be obliged to compel the execution of a tax deed

by the clerk. We do not believe that this would present a plain and adequate remedy at law for a tax purchaser in that case. It involves circuity of legal procedure. Hence, while not overruling the case of *Doran* v. *Whyte,* 75 W. Va. 368, 83 S. E. 1025, in cases where the only relief sought is to compel the clerk to perform the ministerial function of executing the tax deed, we hold that where mandamus is sought for the purpose of requiring the clerk to give the statutory notice and also, in a proper case, to make the required tax deed, mandamus will lie.

The remaining point urged against petitioner's right to the writ is that whereas, the rights of the original tax purchaser accrued to him by virtue of a sale which took place before the act extending the time of redemption became effective, petitioner is merely an assignee of the tax purchaser who took his assignment after the act became effective, and, hence, with full notice of its provisions, the effect of which he cannot escape. We do not consider this contention valid. The statute clearly recognizes the rights acquired by a tax purchaser as being assignable. (11-10-16, Code 1931.) In general, an assignee stands in the shoes of his assignor. *Cox, Executor,* v. *Wayt,* 26 W. Va. 807, *Highland* v. *Highland,* 5 W. Va. 63. Both of the cases cited illustrate this rule even to the extent of excluding an equity known to the assignee but which could not be asserted against the assignor. We think there could be no question but that mere notice of the fact that the act had become effective would in no way change the rights of the assignee or render this statute any more constitutional as to him than it is as to his assignor.

It follows that because the act extending the time of redemption has been held unconstitutional, mandamus has been held to be a proper remedy, and the assignee of a tax receipt has been held to have equal right in this connection with his assignor, that the writ of mandamus will be awarded.

*Writ awarded.*