S. H. HARDIN *v.* H. E. FOGLESONG *et al.*

(No. 8435)

Submitted June 5, 1936.   Decided June 9, 1936.

*Rummel, Blagg & Stone* and *E. M. Burdette,* for relator.

*Steptoe & Johnson, Chesney M. Carney* and *George W. McQuain,* for respondents.

LITZ, JUDGE:

Petitioner, S. H. Hardin, seeks, by writ of mandamus, to compel respondents, H. E. Foglesong, James P. Altmeyer, Newell J. Hayman, Earl B. Thrush, C. A. Ruttencutter and E. H. Shanklin, as members of and constituting the Board of Embalmers and Funeral Directors of West Virginia, to issue to him a license as funeral director for a place of business in the city of Montgomery, Fayette County, West Virginia.

The West Virginia Board of Embalmers and Funeral Directors was created by chapter 49, Acts (First Extraordinary Session) 1933. The statute provides that any

person desiring to engage in the profession or business of funeral directing shall, upon application for license, be required to show such preliminary requisites and take such examinations as shall be deemed necessary by the board in its rules and regulations. Section 10 of the Act requires the board to issue a license to any person who at the time of its passage was actively engaged in the profession or business of funeral directing and who, within sixty days thereafter, has registered as such funeral director with the board and paid a fee of fifty dollars. In section 6, it is provided that "any funeral director who has more than one place of business in the state, or the owner or operator of any establishment in which the business or profession of funeral directing is conducted shall be required to obtain a license as funeral director for each such establishment." Section 7 authorizes appeals to the circuit court from the rulings of the board, refusing, revoking or suspending licenses. Petitioner was, at the time of the passage of the Act, engaged in the business and profession of funeral directing in the city of Charleston, and within sixty days thereafter, properly registered and obtained a license as funeral director in accordance with the terms of the statute.

Respondents, by demurrer, resist the issuance of the writ on the grounds (1) that because the statute authorizes an appeal from the ruling of the board to the circuit court, mandamus is not the proper remedy; and (2) that a funeral director, exempt from preliminary requisites and examinations by reason of his active practice at the time of the passage of the Act, cannot operate more than one place of business without meeting the requirements of the preliminary qualifications and examinations prescribed by the board.

The first point is based upon the contention that the remedy of mandamus will not lie if another specific and adequate remedy exists. *Doran* v. *Whyte*, 75 W. Va. 368, 83 S. E. 1025, is especially relied upon as supporting the proposition. The court refused mandamus in that

case to compel the clerk of the county court of McDowell County to execute a tax deed because of the existence of a specific statutory remedy by application to the circuit court or the judge thereof in vacation after ten days' notice to the clerk. In the opinion of the court, it was said: "The remedy given by this statute is as complete, speedy and equally as efficacious as mandamus; and being so, it takes the place of mandamus. The rule is that mandamus does not lie if the relator has another remedy just as efficacious." Accepting the rule thus stated, we are of opinion that it does not apply in this case. The remedy provided for in the Act is by way of appeal to the circuit court, and is, therefore, not as speedy and efficacious as the remedy by mandamus. In appraising the doctrine of *Doran* v. *Whyte,* this court held in *Simon* v. *Heatherly,* 96 W. Va. 685, 123 S. E. 795, that the rule did not apply in a case where the statutory remedy was by way of appeal. In the opinion, it was stated that the true test is whether there is another remedy equally convenient, beneficial and effective.

On the second point, it seems to us that the requirement of a license by a funeral director for the operation of each place of business conducted by him simply means that he must pay a tax on each place of business and has no relation to his personal qualifications as a funeral director. Can it be supposed the legislature intended that a person who was operating one place of business as funeral director under a license obtained by meeting the preliminary requirements and passing the necessary examinations would be compelled to re-qualify for each additional place of business conducted by him? We think not. Then why should a funeral director who is exempt under the statute from personal qualifications be required to qualify if he conducts more than one place of business? Suppose a person who was at the time of the passage of the statute actively engaged as funeral director in two places of business, would he be compelled to meet the preliminary requisites and pass the required examinations or cease the operation of one of the places

of business? The statute should not be given such illogical interpretations. Statutes restricting the exercise of any trade or occupation must be strictly construed. 59 C. J. 1127; *Rhodes* v. *Coal Company*, 79 W. Va. 71, 90 S. E. 796.

The writ of mandamus will, therefore, be awarded.

*Writ awarded.*