THE STATE OF WEST VIRGINIA *ex rel.* FREEMONT MILLER *et al.* *v.* THE BOARD OF EDUCATION OF THE COUNTY OF MASON, A CORPORATION, *et al.*

(No. 9547)

Submitted October 12, 1943. Decided November 9, 1943.

*Somerville & Somerville* and *Lucien W. Blankenship*, for petitioners.

*Scott & Ducker* and *F. G. Musgrave,* for respondents.

LOVINS, JUDGE:

This is a proceeding in mandamus, original jurisdiction, by the State ex rel. Freemont Miller, Lena Canterberry, J. L. Stewart and Ed Smith against The Board of Educa-

tion of the County of Mason, a corporation, Henry C. White, Gilbert Rodgers, L. L. Caldwell, and E. H. Burdett, members of said board, W. W. Trent, State Superintendent of Schools, and Russell Starkey. The rule awarded herein was served on all respondents, but Starkey alone made return and answer thereto.

The facts are undisputed. At the general election in the year 1938, Starkey was elected as member of The Board of Education of the County of Mason for a four-year term. Starkey and three other residents of the County of Mason were nominated at the primary election held August 4, 1942, for election to two six-year terms as members of the Board of Education. Two persons so nominated resided in Lewis District, one in Clendenin District, and one in Hannon District. A canvass of returns of the general election of 1942, which has not been challenged, showed that ballots were cast for the persons so nominated as follows:

| | |
|---|---|
| For L. L. Caldwell | 3207 |
| For C. R. Schneider | 3121 |
| For Russell Starkey | 2960 |
| For Fred Brown | 2773 |

Caldwell and Schneider are residents of Lewis District, as well as Henry C. White, the latter being a member of the Board of Education at the time of the primary and general elections held in 1942, and continues to hold such office, his term not having expired.

The County Court of Mason County on November 16, 1942, after finding that a resident of Lewis District (White) was then serving as a member of the Board of Education, and that Caldwell and Schneider were likewise residents of the same district, held Schneider disqualified, and adjudged that Caldwell and Starkey were elected for the two six-year terms. This order of the county court was not challenged, nor was there any contest instituted.

It appears that Starkey qualified as a member of the board, and participated in the business of the board at its meetings held in July and August, 1943. At these meetings motions were offered by a member of the board, the effect of which was to question the legality of Starkey's election. The motion made at the July meeting directed that a legal proceeding be instituted to determine the question of Starkey's election, and at the August meeting the motion imported to declare a vacancy in the membership of the board. On each occasion the presiding officer declared the motions out of order, refused to put the same to a vote; and, so far as disclosed by the record, Starkey continues to act as a member of the board.

Respondent Starkey argues that mandamus does not lie, relators having an adequate remedy by a proceeding in *quo warranto*. The writ of mandamus will be denied where another sufficient and specific remedy exists. *Payne* v. *Staunton*, 55 W. Va. 202, 46 S. E. 927; *Doran* v. *Whyte, Clerk*, 75 W. Va. 368, 83 S. E. 1025; *Myers* v. *Commissioner*, 113 W. Va. 316, 167 S. E. 740. Conversely, if such remedy is inadequate or is not as equally beneficial, convenient, and effective, mandamus is available. *Pipe Line Co.* v. *Riggs*, 75 W. Va. 353, 83 S. E. 1020; *State* v. *Heatherly*, 96 W. Va. 685, 123 S. E. 795; *Hardin* v. *Foglesong*, 117 W. Va. 544, 186 S. E. 308.

The remedy by *quo warranto* is inadequate as it would involve only Starkey's right to office, and would not compel appointment of a member of the board in the event of a determination that he is not rightfully entitled thereto. The importance of the duties of the board of education of a county is such that a controversy relative to the questioned right of a person to act as a member thereof should be decided expeditiously. Mandamus speedily determines such controversy, and the propriety and effectiveness thereof are unquestioned.

Relators seek to compel The Board of Education of the County of Mason or the State Superintendent of Schools to appoint a member of that board to fill a vacancy alleg-

edly existing since July 1, 1943. Starkey contends that no such vacancy exists for the reasons: (a) That he was elected at the general election in 1938, and that by virtue of statute holds office until his successor is elected and qualified; (b) that the order of the County Court of Mason County declaring him elected is a valid basis of his right to office; (c) that he was elected to the office at the 1942 general election, C. R. Schneider having been illegally nominated; and (d) that his participation in the meetings and business of the board with its permission amount, in substance, to an appointment as a member thereof. Is there a vacancy in the membership of the board? That is the controlling·question herein. If no such vacancy exists, the Board of Education and the State Superintendent of Schools have no duty to appoint, and relators have no right which may be enforced.

Under Code, 1931, 18-5-1, the terms of office of president and commissioners of district boards of education commenced on July first next after their election and continued for four years and until their successors *were elected or appointed* and qualified according to law. This provision was amended and reenacted at the First Extraordinary Session of the Legislature, 1933, Section 1, Article 5, Chapter 8. The amendment and reenactment provided for a county board of education consisting of five members to be elected for four-year terms and to serve until their successors *were elected* and qualified. Code, 1931, 18-5-1, as amended and reenacted by said Chapter 8, Acts First Extraordinary Session, 1933, was amended and reenacted by Chapter 42, Acts of the Legislature, 1941, to read as follows: "Each county school district shall be under the supervision and control of a county board of education, which shall be composed of five members, nominated and elected by the voters of the respective county, without reference to political party affiliation. No more than two members shall be elected from the same magisterial district." The statute above quoted was in effect at the time of the primary and general elections of 1942. It will be

perceived that under the 1931 Code provision a president and commissioner of a district board of education held his office until his successor was *elected or appointed* and qualified, and that under the amendment and reenactment of 1933 a member of the county board of education held office until his successor *was elected* and qualified.

The reenactment and amendment of 1941 made no provision relative to an incumbent holding office until his successor is elected or appointed and qualified. A hiatus in the office would not occur. The discharge of official duties by an incumbent until his successor is elected or appointed and qualified is authorized by Code, 1931, 6-5-2. Even though an incumbent is permitted by statute to hold office until his successor is elected or appointed and qualified, the power of appointment to fill a vacancy is necessarily implied by the statute. An incumbent so holding after expiration of his term cannot continue to perform the duties of the office after a successor has been duly appointed. The power of appointment to the office of member of a board of education may be exercised notwithstanding the incumbency of a person who holds over after the expiration of the term for which he was elected. *Kline* v. *McKelvy,* 57 W. Va. 29, 49 S. E. 896; *Smith* v. *Reppard,* 69 W. Va. 211, 71 S. E. 115. The pertinent statutes considered and applied by this Court in the *Kline* and *Smith* cases, *supra,* provided that president and commissioners of a district board of education should hold their offices until their successors were elected and qualified according to law. Section 2, Chapter 45, Codes, 1899 and 1906. Starkey relies upon the case of *Broadwater* v. *Booth,* 116 W. Va. 274, 180 S. E. 180. In the *Broadwater* case the provisions of Code, 1931, 6-5-2, were applied by this Court to preclude induction into office of a person who had not been appointed thereto. In this case the same Code provisions are invoked to preclude the exercise of the power of appointment. It will thus be readily seen that the question in the instant case is different from that in the *Broadwater* case. The latter case is not authority for

the proposition that the appointing power cannot be exercised by the proper official or board. The office that Starkey now claims to hold is different in the matter of succession from that to which he was elected in 1938, when he was elected a member of The Board of Education of the County of Mason on a partisan basis for a four-year term. The office now involved is created and authorized by a different statute enacted in 1941, under the terms of which the members of such board are elected without reference to political party affiliation.

In accordance with what has been hereinabove stated, we hold that the claim of the respondent Starkey that he holds the office of member of the Board of Education and that the existence of a vacancy is precluded thereby, is without merit.

The order of the County Court of Mason County, declaring Starkey elected is contradictory in that it appears in the order that Starkey received less than a majority of the votes cast, and, notwithstanding this, he was declared elected. Such declaration is contrary to the holding of this Court in the case of *Orndorff* v. *Potter*, 125 W. Va. 785, 25 S. E. 2d 911. The disqualification of Schneider by reason of the fact that he, Caldwell and White resided in Lewis District did not operate to elect Starkey. *Orndorff* v. *Potter, supra; Dryden* v. *Swinburne*, 20 W. Va. 89; *State ex rel. Depue* v. *Matthews*, 44 W. Va. 372, 29 S. E. 994. When a county court sits as a board of canvassers, its jurisdiction is confined to the ascertainment and declaration of the results of an election. No jurisdiction is conferred on a county court as such to declare a person elected to the office of member of the board of education. Should we say otherwise in the instant case, it would be tantamount to conferring on a county court the power to appoint to such office. The Legislature has conferred on county boards of education the power of appointment to fill a vacancy in its membership, and, upon failure of such board to make such appointment, the power is vested in

the state superintendent of schools. Section 2, Article 5, Chapter 42, Acts, 1941.

It is further contended on behalf of respondent Starkey that C. R. Schneider was not legally nominated at the primary election of 1942, and that he, Starkey, receiving the next highest number of votes was duly elected by reason of such illegal nomination. The basis of this contention is that Section 5, Chapter 57, Acts of the Legislature, 1939, and Section 23-a, Chapter 42, Acts of the Legislature, 1941, when applied together made Starkey the legal nominee and eliminated Schneider. Schneider's nomination was not questioned prior to the general election of 1942. The objection here made comes too late, and is unavailing.

Participation by Starkey in the meetings and the business of the board does not constitute an appointment of him to membership thereon. We do not pass on whether he is a *de facto* officer or merely a usurper, that question not being before us. However, Starkey's acts do not react to his benefit. *Rowan v. Board of Education*, 125 W. Va. 406, 24 S. E. 2d 583; *Building & Loan Assn. v. Sohn*, 54 W. Va. 101, 46 S. E. 222; Sections 23 and 203 Constantineau on De Facto Doctrine. Mere acquiescence on the part of two members of The Board of Education of Mason County in permitting Starkey to be present and participate in the meetings of such board does not amount to an appointment as required by statute.

We conclude that there is such vacancy now existing in the membership of The Board of Education of Mason County as to permit an appointment to fill the same. The duty of filling that vacancy in the first instance rests on the Board of Education, and, upon its failure to make the appointment, the duty devolves upon the State Superintendent of Schools. Section 2, Article 5, Chapter 42, Acts of the Legislature, 1941. The duties thus imposed upon the Board of Education and the State Superintendent of Schools carries with it the correlative and clear legal right of the relators to have that duty performed.

The writer is authorized to say that Judge Fox adheres

to the views expressed by him in his dissenting opinion in the case of *Orndorff* v. *Potter, supra,* but he considers the *Orndorff* case a binding precedent, and therefore concurs in what has been said herein.

We award a peremptory writ of mandamus, requiring and commanding that The Board of Education of the County of Mason do forthwith fill by appointment the vacancy existing in its membership, and that, upon its failure to make such appointment, the State Superintendent of Schools do make the appointment herein required, and that the relators recover costs.

*Writit awarded.*