# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JAY FOLSE,**
**Petitioner Below, Petitioner**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-87** (Cir. Ct. of Cabell Cnty., No. 22-C-107)

**G. RUSSELL ROLLYSON, JR. and**
**JOHN MCCUSKEY, JR.,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner Jay Folse appeals the August 11, 2022, order of the Circuit Court of Cabell County, which dismissed his Petition to Compel Issuance of Deeds wherein Mr. Folse sought to compel Respondents to issue certain notices to redeem and tax deeds. Respondents G. Russell Rollyson, Jr., Deputy State Auditor and the Honorable John McCuskey, Jr., State Auditor (collectively, "Auditor") timely filed their response.[1] Mr. Folse did not file a reply. The issue on appeal is whether the circuit court erred by dismissing the petition based upon its finding that Mr. Folse could not seek relief through an ordinary civil proceeding, but should have sought extraordinary relief through a petition for writ of mandamus.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.[2]

---

[1] Mr. Folse is represented by Robert W. Bright, Esq. The Auditor is represented by David P. Cook, Jr., Esq.

[2] This Court has appellate jurisdiction over the merits of the circuit court's dismissal order in this case pursuant to West Virginia Code § 51-11-4(a)(1) (stating this Court has jurisdiction over final judgments or orders of a circuit court entered in civil cases). However, we do not have jurisdiction over any original action or an appeal from a circuit court order related to the merits of a writ of mandamus action. *See* W. Va. Code § 51-11-4(d)(10).

During a delinquent tax sale on September 17, 2021, Mr. Folse purchased several delinquent tax liens for properties located in Cabell County. On March 30, 2022, Mr. Folse, self-represented, filed the underlying petition seeking to compel the Auditor to issue notices to redeem and tax deeds related to those purchases. Mr. Folse's petition also sought damages and demanded a jury trial. On April 25, 2022, the Auditor filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure arguing that Mr. Folse had failed to comply with his statutory duties required of a purchaser to secure issuance of tax deeds pursuant to West Virginia Code § 11A-3-52 (2020), as it related to providing the delinquent property owner with a notice to redeem, and that Mr. Folse was only entitled to those damages and remedies expressly set forth under West Virginia Code § 11A-3-60 (1995).

On July 7, 2022, the circuit court held a hearing on the motion to dismiss. The circuit court determined that Mr. Folse's cause of action was improperly filed because the nature of the relief requested could only be obtained through use of an extraordinary remedy in the form of a writ of mandamus. Therefore, without ruling on the merits of the Auditor's motion, the circuit court dismissed the case *sua sponte*. In doing so, the circuit court dismissed the matter without prejudice and granted Mr. Folse leave to refile the action as a mandamus proceeding. The circuit court memorialized its findings in an order entered on August 11, 2022. This appeal followed.

In this appeal, we apply the same standard of review as our Supreme Court of Appeals of West Virginia:

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n,* 201 W.Va. 108, 109, 492 S.E.2d 167, 168 (1997); *Shenandoah Sales & Serv., Inc. v. Assessor of Jefferson Cnty.*, 228 W. Va. 762, 766, 724 S.E.2d 733, 737 (2012) (applying standard of review to circuit court's *sua sponte* dismissal of case).

On appeal, Mr. Folse argues that the circuit court erred in finding that the proper form for his civil action was through a writ of mandamus because the governing provisions of West Virginia Code § 11A-3-60 do not require him to file such an action. In support, Mr. Folse articulates that to compel the Auditor to provide a delinquent property owner with the required notice to redeem or to execute a tax deed to the purchaser, the relevant language of West Virginia Code § 11A-3-60 provides that a purchaser may "apply by petition to the circuit court of the county for an order compelling the [Auditor] to prepare and service notice . . . [and] for an order compelling the [Auditor] to prepare and execute

2

the deed[.]" Based on this language Mr. Folse maintains that his petition to compel was properly filed as a regular civil action. We disagree.

Upon review, we find that the holding in Syllabus Point 1 of *Lemley v. Phillips*, 113 W. Va. 812, 169 S.E. 789 (1933) is dispositive of this case. In *Lemley*, our state's highest court found that mandamus was the proper proceeding when a purchaser sought to compel the issuance of a notice to redeem and a tax deed, stating:

> Mandamus lies where the [Auditor] has refused, at the request of a tax purchaser, to give the notice required by [West Virginia Code § 11A-3-60] and has also refused, in the event there is no redemption after such notice, to execute a tax deed under said section, to compel the clerk to perform both of these ministerial functions.

*Id.*[3] Therefore, pursuant to *Lemley*, when a purchaser of a tax lien seeks to compel the issuance of a notice to redeem and a tax deed, then such relief must be sought through a mandamus action. In this case, Mr. Folse's brief alleged that the Auditor refused to carry out ministerial duties related to the issuance of notices and deeds. Further, in his prayer for relief, in addition to seeking his costs and damages, Mr. Folse asked the circuit court "to order the [Auditor] to issue the deeds. In the alternative, if [the circuit court] finds that any notice is not sufficient for a tax deed to issue, [Mr. Folse] asks [the circuit court] to compel issuance of any required notices to redeem."

Based on the plain language of his pleading, we find that Mr. Folse clearly sought an order from the circuit court for the purposes of compelling the Auditor to issue notices to redeem and for the issuance of tax deeds for the tax property he purchased. Also, the Auditor raised Mr. Folse's failure to comply with his statutory obligations regarding the notices to redeem in the motion to dismiss. Therefore, because notices and deeds, which are ministerial duties to be performed by the Auditor, were the issues raised below, we conclude that pursuant to the holding in *Lemley*, mandamus is the required proceeding for the relief requested by Mr. Folse.

Further, we are unpersuaded by Mr. Folse's reliance on the recent decision in *Folse v. Rollyson*, No. 21-0340, 2022 WL 293986 (W. Va. Feb. 1, 2022) (memorandum decision), which affirmed a circuit court's order granting the Auditor's motion to dismiss

---

[3] Although the operative statute at issue in *Lemley* has since been amended and recodified by the Legislature, absent stylistic changes, the substantive statutory language related to a purchaser filing a petition in circuit court for an order compelling the issuance of a notice to redeem and a tax deed has remained unchanged. Therefore, *Lemley* still applies to the statute in this case. Moreover, *Lemley* has not been overruled by our Supreme Court of Appeals of West Virginia and remains controlling authority.

Mr. Folse's petition to compel on the merits. Despite its factual and procedural similarities to this case, it is a memorandum decision and carries no precedential authority due to the controlling opinion of *Lemley*. *See* Syl. Pts. 1-6, *State v. McKinley*, 234 W.Va. 143, 146, 764 S.E.2d 303, 306 (2014) (outlining precedential authority of opinions issued by our Supreme Court of Appeals of West Virginia including, that memorandum decisions are unpublished opinions of limited persuasion and conflicting published opinions take precedence).

Accordingly, we find no error or abuse of discretion in the circuit court's determination that Mr. Folse may only seek the relief requested through a writ of mandamus and hereby affirm its August 11, 2022, order. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen