IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2025 Term

_____

No. 23-325

_____

JAY FOLSE,
Petitioner,

v.

G. RUSSELL ROLLYSON, JR. and
MARK A. HUNT,
Respondents.

FILED

**April 25, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

Appeal from the Intermediate Court of Appeals of West Virginia
No. 22-ICA-87
Civil Action No. 22-C-107

REVERSED AND REMANDED
WITH INSTRUCTIONS

_____

Submitted: March 18, 2025
Filed: April 25, 2025

Jay Folse
Self-Represented
Broomall, Pennsylvania
Petitioner

David P. Cook, Jr., Esquire
MacCorkle Lavender PLLC
Charleston, West Virginia
Counsel for Respondents

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      In reviewing an Intermediate Court of Appeals' decision from a circuit court's grant of a motion to dismiss, this Court applies a de novo standard of review.

2.      "A remedy given by statute, which is as speedy and equally as efficacious as mandamus, excludes the latter remedy."  Syllabus Point 2, *Doran v. Whyte*, 75 W. Va. 368, 83 S.E. 1025 (1914).

3.      "A writ of mandamus will not issue unless three elements coexist - (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."  Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969).

4.      A writ of mandamus does not lie to compel the deputy commissioner of delinquent and non-entered lands to execute a deed for land purchased at a delinquent tax sale.  The remedy provided by West Virginia Code § 11A-3-60 (1995) is exclusive.

5.      "This Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syllabus Point 2, *Sands v. Security Trust Company*, 143 W. Va. 522, 102 S.E.2d 733 (1958).

6. "Courts are not constituted for the purpose of making advisory decrees or resolving academic disputes." Syllabus Point 2, in part, *Harshbarger v. Gainer*, 184 W. Va. 656, 403 S.E.2d 399 (1991).

Armstead, Justice:

Jay Folse ("the petitioner")[1] appeals from a decision of the Intermediate

Court of Appeals ("ICA"), which affirmed the circuit court's dismissal of his petition to

compel the issuance of tax deeds.[2]  Both the circuit court and the ICA concluded that a writ

of mandamus is the only method by which the respondents, G. Russell Rollyson, Jr.,[3] and

Mark A. Hunt,[4] could be compelled to issue tax deeds.

On appeal to this Court, the petitioner argues that the ICA erred in affirming

the dismissal of his petition.  Additionally, he argues that he satisfied all necessary

requirements for the respondents to issue the tax deeds.  After review, and for the reasons

contained herein, we reverse the ICA and find that a writ of mandamus is not required to

---

[1] The petitioner is self-represented in this appeal.

[2] The petition below also sought in the alternative to compel the issuance of "required notices to redeem" "if the [circuit court] finds that any notice is not sufficient." Because this alternative pleading is not evident from the substance of the petitioner's arguments, we acknowledge but do not address any arguments arising from a failure of the auditor to issue notices.

[3] Mr. Rollyson serves as the deputy commissioner of delinquent and non-entered lands in the West Virginia Auditor's Office.  *See* W. Va. Code § 11A-3-34.

[4] Mr. Hunt is the duly elected West Virginia Auditor.  *See generally* W. Va. CONST. Art. VII § 1 (the Auditor is a constitutional officer of the State).  By statute, the Auditor is the ex officio state commissioner of delinquent and non-entered lands.  *See* W. Va. Code § 11A-3-33.  Because Mr. Hunt took office while this appeal was pending, he has been substituted as a party.

1

compel the respondents to issue tax deeds. Further, we remand this matter to the circuit court for a determination of whether the tax deeds should issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

When a circuit court considers a motion to dismiss under 12(b)(6) of the West Virginia Rules of Civil Procedure "the complaint is construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *John W. Lodge Distributing Co., Inc. v. Texaco, Inc.*, 161 W.Va. 603, 605, 245 S.E.2d 157, 158 (1978). Accordingly, this recital of facts is solely to understand the background of the petitioner's claims. On September 17, 2021, the petitioner purchased real property tax liens against two properties in Cabell County, West Virginia.[5] *See* W. Va. Code § 11A-3-45 (providing for the annual sale of real estate of lands previously certified for sale under West Virginia Code § 11A-3-44). In such situations, before the Auditor can issue a tax deed following the purchase of a tax lien, a purchaser shall, within one hundred and twenty days of the sale:

> (1) Prepare a list of those to be served with notice to redeem and request the deputy commissioner to prepare and serve the notice as provided in § 11A-3-54 and § 11A-3-55 of this code;
> (2) When the real property subject to the tax lien was classified as Class II property, provide the deputy commissioner with the actual mailing address of the property that is subject to the tax lien or liens purchased; and
> (3) Deposit, or offer to deposit, with the deputy commissioner a sum sufficient to cover the costs of preparing and serving the notice.

---

[5] These properties are located at 129 Marion Street and 301 Fourth Avenue, both within the city limits of Huntington.

2

W. Va. Code § 11A-3-52(a) (2020).[6]  The petitioner provided the names of those to be served with notices to redeem to the respondents on a "West Virginia State Auditor's Office Notice to Redeem Form."[7]

According to the appendix record, the attempts at service upon the McKees and A&A Transmissions, INC. were unsuccessful.  In two separate letters from G. Russell Rollyson, Jr. to the petitioner dated March 21, 2022, the respondents stated, as to each property:[8]

---

[6] The Legislature amended this statute during the 2022 Regular Session.  This amendment substituted the word "Auditor" for "deputy commissioner" in the cited text.

[7] Specifically, as to the property at 129 Marion Street, the petitioner identified Drema McKee, Michael McKee, and the City of Huntington as persons to whom notices to redeem should be sent.  The petitioner provided addresses for all three and requested that both of the McKees be provided notice via certified mail and personal service and that the City be provided notice by certified mail.

As to the property at 301 Fourth Avenue, the petitioner identified A&A Transmissions, INC. and the City of Huntington as persons to whom notices to redeem should be sent.  Along with the addresses of these two entities, the petitioner requested that A&A Transmissions, INC. be served through its statutory agent, the Secretary of State. *See generally* W. Va. Code § 31D-5-504 (designating the Secretary of State as the attorney-in-fact for corporations). As to the City, the petitioner again requested it be provided notice by certified mail.

[8] The letters also noted that the McKees' notices to redeem were "returned to the West Virginia State Auditor's Office as a result of being Return to Sender."  There was no mention in this letter of the attempts at personal service on the McKees.  The appendix record contains an "Affidavit of Service" for each of the McKees, noting that three attempts to personally serve them had occurred and that on the third unsuccessful attempt, the "attempt was posted," which included "[p]lac[ing] documents on door."  As to the notice to redeem for A&A Transmissions, INC., the letter stated this notice was

(continued . . .)

3

Should any notice to redeem be returned as undeliverable, unclaimed or refused, the purchaser shall provide a physical address for personal process service and deposit a sum sufficient to cover the costs of preparing and servicing the notice. *In the event that step is required to secure a deed, upon notification of the additional requirement, you will have fourteen (14) days to provide the address and necessary funds*.[9]

. . . .

Please provide the West Virginia State Auditor's Office, the address and an additional [$43.13 for the McKees and $31.00 for A&A Transmissions, INC.], which represents the funds required to prepare and serve the notice to redeem by personal process service.[10]

---

"returned to the West Virginia State Auditor's Office as a result of being <u>Returned Secretary of State</u>."

[9] This language is substantially similar to language contained in earlier letters for each property from G. Russell Rollyson, Jr., to the petitioner, dated September 21, 2021:

Should any notice to redeem be returned as undeliverable, unclaimed or refused, the purchaser shall provide a physical address for personal process service and deposit a sum sufficient to cover the costs of preparing and servicing the notice. Upon notification of the additional notice required to secure a deed the purchaser shall have seventeen days to provide the address and funds to cover the costs of preparing and servicing the notice to redeem by personal process service.

[10] The respondents allege that the additional notice requirement is in response to a federal court case in which the respondents were parties. *See O'Neal v. Wisen*, No. 5:16-CV-08597, 2017 WL 3274437 (S.D.W. Va. Aug. 1, 2017), *aff'd sub nom. O'Neal v. Rollyson*, 729 F. App'x 254 (4th Cir. 2018). In that case, the district court cited to a litany of cases and concluded that when a person's property is at stake, "additional reasonable efforts to provide notice" must be attempted before a tax deed can issue. *Id.* at *4. The respondents represent that the policy reflected in this language requiring personal service was adopted as direct result of *O'Neal*.

4

Following receipt of the March 21, 2022, letter, the petitioner did not provide any additional addresses to the respondents.[11] Instead, the petitioner filed a petition to compel the issuance of tax deeds in the Circuit Court of Cabell County, West Virginia, pursuant to the provisions of West Virginia Code § 11A-3-60.[12]

---

[11] We reiterate that the petitioner had already attempted to serve the McKees by personal service and notice was posted by the process server at the address the petitioner provided the respondents.

[12] West Virginia Code § 11A-3-60 contains the operative provisions allowing a party to petition "the circuit court of the county" to compel the deputy commissioner of delinquent and non-entered lands to complete the tax purchase process. We have previously referred to such petitions as a "Section 60 Proceeding." *State ex rel. Southland Props., LLC v. Janes*, 240 W. Va. 323, 326, 811 S.E.2d 273, 276 (2018). The first provision of Section 60 allows a purchaser to file a petition to compel issuance of the statutory notice to redeem:

> If the deputy commissioner fails or refuses to prepare and serve the notice to redeem . . . the person requesting the notice may, . . . apply by petition to the circuit court of the county for an order compelling the deputy commissioner to prepare and serve the notice or appointing a commissioner to do so.

*Id.* The second provision permits a tax purchaser to file a petition to compel preparation and execution of the tax deed:

> If the deputy commissioner fails or refuses to prepare and execute the deed . . . the person requesting the deed may, . . . apply by petition to the circuit court of the county for an order compelling the deputy commissioner to prepare and execute the deed or appointing a commissioner to do so.

*Id.* We discuss these provisions below.

The respondents filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In that motion, the respondents alleged that they could not issue a tax deed because the petitioner had not provided them with additional addresses to serve the notices to redeem by personal process service, after the first attempts at notice failed. Accordingly, the respondents stated to the circuit court that they "cannot grant a tax deed with the knowledge that an owner of record has not been provided with notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The petitioner argued that he had made "reasonably diligent efforts" to achieve notice on the prior owners of the properties and he was therefore entitled to issuance of the tax deeds.

The circuit court granted the respondents' motion, albeit for a different reason. After recognizing that the provisions of West Virginia Code § 11A-3-60 allow the filing of a petition to compel the issuance of tax deeds, the circuit court concluded that the petitioner was required to file his petition as a writ of mandamus. Because the petitioner did not file a petition for a writ of mandamus, the circuit court dismissed the case, without prejudice. In granting the 12(b)(6) motion, the circuit court improperly concluded that the petitioner failed to bring his proceeding to compel the issuance of the tax deeds as a petition for a writ of mandamus and that avenue was the only manner through which the petitioner could seek relief under the provisions of West Virginia Code § 11A-3-60.

The petitioner then appealed to the ICA, which affirmed the circuit court's dismissal of the petition on the grounds that the petitioner had to bring a petition for a writ of mandamus to compel the respondents to issue the tax deeds. *Folse v. Rollyson (The Underlying Appeal)*, No. 22-ICA-87, 2023 WL 3579134 (W. Va. Ct. App. May 22, 2023) (memorandum decision). In reaching its conclusion, the ICA found that Syllabus Point one in *Lemley v. Phillips*, 113 W. Va. 812, 169 S.E. 789 (1933), was dispositive of the issue.[13] Applying *Lemley*, the ICA reasoned that "when a purchaser of a tax lien seeks to compel the issuance of a notice to redeem and a tax deed, then such relief must be sought through a mandamus action." *The Underlying Appeal*, at *2

The petitioner now seeks relief from the ICA's decision in this Court.

## II. STANDARD OF REVIEW

When the Legislature created the ICA, through the Appellate Reorganization Act of 2021, it transferred to the ICA "appellate jurisdiction over . . . final judgments or orders of a circuit court in all civil cases . . . entered after June 30, 2022." W. Va. Code § 51-11-4(b)(1). Prior to the creation of the ICA, the standard of review in cases such as this was well-settled:

> In general, this Court will apply a *de novo* standard of review to a circuit court's order granting a motion to dismiss. Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). *See also, Elmore v.*

---

[13] We will discuss *Lemley* and the relevant statutory changes that followed in detail below.

7

*Triad Hospitals, Inc.*, 220 W. Va. 154, 157-58, 640 S.E.2d 217, 220-21 (2006) (*per curiam*) (noting applicability of *de novo* standard of review to dismissal pursuant to Rule 12(b)(1) and 12(b)(6)); *Johnson v. C.J. Mahan Const. Co.*, 210 W. Va. 438, 441, 557 S.E.2d 845, 848 (2001) (*per curiam* ) (noting applicability of *de novo* standard of review to motion filed pursuant to Rule 12(b)(1)).

*Savarese v. Allstate Ins. Co.*, 223 W. Va. 119, 123-24, 672 S.E.2d 255, 259-60 (2008).

Additionally, in this opinion we examine the ICA's application of a statute and prior decisions of this Court. This Court has previously held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). Thus, prior to the creation of the ICA, this Court examined a circuit court's legal conclusions under a de novo standard of review.

When creating the ICA, the Legislature is presumed to have understood the entire body of law in effect at that time. "It is a settled principle of statutory construction that courts presume the Legislature drafts and passes statutes with full knowledge of existing law." Syl. Pt. 1, *Duff v. Kanawha Cnty. Comm'n.*, 250 W. Va. 510, 905 S.E.2d 528 (2024). In *Duff* we stated:

> This includes familiarity with the rules of statutory construction. *See* Syl. Pt. 4, *Twentieth St. Bank v. Jacobs*, 74 W. Va. 525, 82 S.E. 320 (1914) ("The Legislature is presumed to know the rules and principles of construction adopted by the courts."). We may, therefore, presume that when it legislates, the Legislature "is aware of judicial interpretations of existing statutes when it passes new laws[,]" *United States v. Place*, 693 F.3d 219, 229 (1st Cir. 2012), including past judicial practices under those statutes. *See In re Egebjerg*, 574 F.3d 1045, 1050

8

(9th Cir. 2009) ("[W]e presume that when Congress legislates, it is aware of past judicial interpretations and practices.").

*Id.*, 250 W. Va. at ___, 905 S.E.2d at 535-6.

Because the ICA has been substituted for this Court in the first step of the appellate review process for civil cases, the ICA follows a similar standard of review in addressing 12(b) motions to dismiss as that previously followed when this Court reviewed such decisions from a circuit court. Likewise, in reviewing an Intermediate Court of Appeals' decision from a circuit court's grant of a motion to dismiss, this Court applies a de novo standard of review.

We now turn to the parties' arguments on appeal.

## III. ANALYSIS

On appeal, the petitioner seeks relief in this Court, arguing that the ICA erred in affirming the circuit court's dismissal pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure on the basis of its finding that a writ of mandamus is necessary to compel the issuance of the tax deeds. The petitioner further argues that the ICA should have ordered the tax deeds to be issued by the respondents. To resolve these issues, we first look to the analysis applied by the ICA in affirming the circuit court. From that analysis, we conclude the ICA erred and reverse the circuit court's dismissal of this matter. We then determine that the question of whether the tax deeds should issue presents factual

9

and legal questions that must first be answered by the circuit court, upon application of the relevant law. Accordingly, we remand this matter to the circuit court to conduct proceedings consistent with this opinion.

### 1. *Lemley* Has Been Superseded By Statute.

As noted above, the circuit court dismissed this matter, pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Rule 12(b)(6) requires motions for "failure to state a claim upon which relief can be granted" to be filed "before pleading if a responsive pleading is allowed." This Court has explained that "[t]he purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the complaint." *Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987) (citations omitted); *Gable v. Gable*, 245 W. Va. 213, 221, 858 S.E.2d 838, 846 (2021) ("A motion to dismiss tests the legal sufficiency of a complaint."). The ICA affirmed the dismissal, pointing to *Lemley* as precedent supporting its decision. We find that the ICA erred in relying upon *Lemley* due to statutory changes that have occurred since *Lemley* was decided.

We begin our discussion with the prior case of *Doran v. Whyte*, 75 W. Va. 368, 83 S.E. 1025 (1914). In that case, the petitioner sought a writ of mandamus to compel the execution of tax deeds. *See id*. 75 W. Va. at 369, 83 S.E. at 1025. This Court determined that there was a statutory remedy and a writ of mandamus was not proper to compel the tax deeds' execution. *See id*. Finding that the "Legislature clearly intended that the remedy which it provided should be exclusive," *Id*., this Court held in Syllabus

10

Point one of *Doran* that, "[m]andamus does not lie at the relation of a tax purchaser to compel a clerk of the county court to execute to him a deed for land purchased at a delinquent tax sale. The remedy given by section 22, c.31, Code 1913 (sec. 1081)[14] is exclusive." Therefore, this Court's decision in *Doran* clearly stands for the proposition that when the Legislature has created a remedy by statute, the process outlined in such statute, rather than a petition for a writ of mandamus, is the proper course to be followed. Indeed, Syllabus Point two of *Doran* holds that, "[a] remedy given by statute, which is as speedy and equally as efficacious as mandamus, excludes the latter remedy." Syl. Pt. 2, *Doran*, 75 W. Va. 368, 83 S.E. 1025. More recently, we have clarified that, "[a] writ of mandamus will not issue unless three elements coexist - (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969).

---

[14] The remedy provided by the Legislature in section 22, c.31, Code 1913 (sec. 1081), as discussed in *Doran*, stated:

> If the clerk of the county court fail or refuse to make the deed . . . or if he execute an insufficient deed and fail or refuse thereafter to execute a good and sufficient deed to the person entitled thereto, when called on to do so, the person entitled to such deed may apply by petition to the circuit court of the county in which the real estate was sold . . . to compel the making thereof by such clerk, or for the appointment of a commissioner to make the same.

11

Following *Doran*, this Court again examined a substantially similar version of the same statute in our opinion in *Lemley*. In *Lemley*, the factual situation was significantly different from that of *Doran*. The petitioner in *Lemley* filed a petition for writ of mandamus seeking to compel the county clerk to issue notice to redeem to the owners of the property *and*, "in case of no redemption, to execute a tax deed conveying" the land. *Lemley*, 113 W. Va. at 812, 169 S.E. at 789. In *Lemley*, this Court discussed the prior case of *Doran*:

> As to the actual making of the deed itself, this court has heretofore held that mandamus will not lie because of the fact that the remedy given by statute (then section 22 of chapter 31 of the Code of 1913 [sec. 1081]) is exclusive. *Doran v. Whyte*[.] The statute in terms is confined to the compelling of the clerk to execute a tax deed. At the time it was enacted, the execution of the tax deed was the only ministerial function that the clerk was required to perform, in connection with the transfer of a tax title. By the Acts of the Legislature of 1917, c. 67, the further ministerial function of preparing and causing to be executed notices of the application for a tax deed to be given to the former owner, his personal representative, vendee, etc., was imposed upon the clerk.

*Id*., 113 W. Va. at 813, 169 S.E. at 789. Therefore, at the time of the decision in *Lemley*, the Legislature had added to the duties of county clerks the additional function of preparing and sending notices to the former owners of the property. *See* W. Va. Code § 11-10-16 (1931). However, as noted in *Lemley*, the Legislature had not included a mechanism in the statute to compel the issuance of those notices. *See id.* and W. Va. Code § 11-10-19 (1931) (providing the method to compel execution of tax deeds). "The statute provides no direct and simple means, nor, in fact, any means at all, for a remedy in the event that the clerk refuse to perform the ministerial function of giving this notice. Hence, in a proper case,

12

mandamus would lie to compel this to be done." *Id.* The *Lemley* court recognized that a person seeking to compel *both* the issuance of a notice to redeem to the prior owners and the issuance of a tax deed would be required to file two proceedings – a writ of mandamus to compel issuance of a tax deed, and a second action following the statutory procedure discussed and affirmed in *Doran*. *See Lemley*, 113 W. Va. at 813-4, 169 S.E. at 790. This Court called this a "circuity of legal procedure." *Id.*, 113 W. Va. at 814, 169 S.E. at 790. Thus, in *Lemley*, this Court did not overrule *Doran*, but carved out a narrow exception, as a matter of judicial economy, that where a party sought *both* notice to be issued to the former owners and a tax deed to be executed in the same proceeding, a writ of mandamus for *both* functions was proper:

> Mandamus lies where the clerk of a county court has refused, at the request of a tax purchaser, to give the notice required by Code 1931, 11-10-16, and has also refused, in the event there is no redemption after such notice, to execute a tax deed under said section, to compel the clerk to perform both of these ministerial functions.

Syl. Pt. 1, *Lemley*, 113 W. Va. 812, 169 S.E. 789 (1933). Erroneously relying upon this syllabus point, the ICA affirmed the circuit court's dismissal of the petition. However, the operative statute has been substantially amended since both *Doran* and *Lemley* were decided by this Court. At the time of the *Lemley* decision, the statutory provisions allowing petitions to compel the issuance of tax deeds were found in West Virginia Code § 11-10-19 (1931). However, the Legislature repealed the entirety of Article 10 of Chapter 11 in 1941. *See* W. Va. Acts 1941 c. 117. At the same time, the Legislature took additional action. *See id*. First, it enacted an entirely new chapter in the West Virginia Code and

13

included therein the process of selling land for delinquent taxes. *See* W. Va. Code § 11A-3-1– 43 (1941). Second, the Legislature provided a statutory remedy to compel a county clerk to send notices to redeem to the prior owners of the land. *See* W. Va. Code § 11A-3-26 (1941).[15] Third, the procedure for compelling the execution of a tax deed in the newly enacted section was significantly revised. *Compare* section 22, c.31, Code 1913 (sec. 1081) *with* W. Va. Code § 11-10-19 (1931) *and* W. Va. Code § 11A-3-26 (1941). These changes were not, as the respondents' counsel characterized to this Court at oral argument, merely "stylistic." Rather, these changes represented a significant and substantive correction to the issue brought to light in *Lemley* and a major change in the procedure for

---

[15] The operative provisions of West Virginia Code § 11A-3-26 (1941) provided:

> If the clerk of the county court fails or refuses to prepare and serve the notice to redeem . . . the person requesting the notice may . . . apply by petition to the circuit court of the county. . . for an order compelling the clerk to prepare and serve the notice or appointing the commissioner to do so.
>
> . . . .
>
> If the clerk fails or refuses to execute the deed . . . the person requesting the deed may . . . apply by petition to the circuit court of the county. . . for an order compelling the clerk to prepare and serve the notice or appointing the commissioner to do so.

Though this statute has undergone numerous amendments over the years, the basic process to be followed in order to compel compliance has not changed. The most recent amendments have substituted the deputy commissioner in the place of what was the clerk of the county court in the 1941 statute. *See* W. Va. Code § 11A-3-60 (1995). Clerks of the county court became clerks of the county commission in 1974. *See* W. Va. Const. Art IX, § 9.

14

compelling notices to redeem and the execution of tax deeds.  As such, the issue presented in *Lemley* was abrogated by these significant statutory changes which provided a statutory remedy.

In the present statutory construct, the provisions allowing for petitions to compel the issuance of a notice to redeem to prior owners and to compel the issuance of tax deeds remain in West Virginia Code Chapter 11A, though they are now located in West Virginia Code § 11A-3-60, where they are not substantially changed from their 1941 iteration.  *See* note 11, *supra*.  Because the Legislature has created a remedy to compel issuance of notices to redeem to prior owners of tax sale property and a remedy to compel execution of a tax deed from the sale to a tax sale purchaser, a writ of mandamus cannot issue.  Given that there is plainly a statutory remedy available, the petitioner cannot meet the requirement of "the absence of another adequate remedy" in order to obtain a writ of mandamus.  Syl. Pt. 1, in part, *Kucera*.  Accordingly, we hold that a writ of mandamus does not lie to compel the deputy commissioner of delinquent and non-entered lands to execute a deed for land purchased at a delinquent tax sale.  The remedy provided by West Virginia Code § 11A-3-60 (1995) is exclusive.

2.  Questions Exist Regarding Compliance with Statutory Requirements

Having found that the ICA erred in affirming the circuit court's dismissal of the petition to compel, we now turn to the issue of whether the tax deeds in question should issue to the petitioner.  The circuit court dismissed this matter before any evidence was

15

offered on the petitioner's action to compel issuance of the tax deeds. As such, there are plainly factual and legal disputes that must be resolved to determine if the petitioner satisfied all of the necessary requirements for the issuance of the tax deeds. *See* W. Va. Code § 11A-3-55 (2022). We have held that, "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958). As we have explained with respect to this well-settled rule, "there is [ ] a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom." *Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). This is because "[c]ourts are not constituted for the purpose of making advisory decrees or resolving academic disputes." Syl. Pt. 2, in part, *Harshbarger v. Gainer*, 184 W. Va. 656, 403 S.E.2d 399 (1991).

No evidence was adduced below regarding the attempts at notice and whether the respondents' policy conforms to the statute and *O'Neal*.[16] The respondents aver in their brief that the petitioner never provided any additional physical addresses as required by this policy. Conversely, the petitioner argues that he tried to find additional physical addresses but could not. Obviously, there are unresolved factual determination that need

---

[16] We would note that on the eve of oral argument, the petitioner filed a motion to supplement the appendix record. That motion was granted after the respondents represented at oral argument that they had no objection to the motion. The documents contained in the supplemental appendix record seem to indicate that the properties at issue in this appeal have been sold to another tax sale purchaser. This is another issue the circuit court will need to address on remand.

to be decided by the trier of fact. Consequently, remand to the circuit court for further factual development is necessary.

## IV. CONCLUSION

For the reasons set forth above, we reverse the circuit court's dismissal of this matter and remand to the circuit court for proceedings consistent with this opinion.

Reversed and Remanded with Instructions.